**STATE of Missouri, Respondent,**

v.

**Charles Cecil SHIELDS, Appellant.**

**No. 54064.**

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

John C. Danforth, Atty. Gen., Jefferson City, John C. Craft, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Courtney Shands, Jr., St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from denial, after evidentiary hearing, of motion under Criminal Rule 27.26, V.A.M.R.

In 1964, Charles Cecil Shields was convicted, upon a trial by jury in the St. Louis Circuit Court, of robbery in the first degree with a dangerous and deadly weapon. Sentence, under the Second Offender Act, was 40 years' imprisonment. The conviction was affirmed on appeal. State v. Shields, Mo.Sup., 391 S.W.2d 909.

A motion to vacate under Rule 27.26 was filed. An evidentiary hearing was held at which Shields testified. Robert Krenning, also convicted on a plea of guilty for participating in the robbery for which Shields was convicted, testified on behalf of the movant. Both he and the movant stated that Shields did not participate in the robbery. The trial court made findings of fact and conclusions of law and denied relief. This appeal followed.

Only one question is presented on this appeal. The motion alleged that one of the witnesses at the original trial, Detective Joseph Grau, testified falsely that Shields had admitted participation in the robbery. Appellant argues that, under the evidence presented to the trial court, he was entitled to relief on this ground. Appellant's testimony was that he made no confession. " * * * I have never confessed to anybody because I'm not guilty of the charge."

The trial court found that the allegation of perjury on the part of Officer Grau was not proved. He further found that there had been no evidence that the prosecution made knowing use of perjured testimony.

On the appeal, we set aside the trial court's findings only if they are clearly erroneous. Criminal Rule 27.26(j), V.A. M.R. The trial court obviously rejected the testimony of appellant that he made no statement admitting the robbery. The trial court, in a 27.26 hearing, has the right and duty to pass upon the credibility of the witnesses it hears. Crosswhite v. State, Mo.

Sup., 426 S.W.2d 67, 71[2]. Reference to the transcript on the original appeal shows that the statement of appellant was made in the presence of the robbery victim who testified in detail concerning appellant's admission. With corroboration of the police officer's testimony at the trial of appellant, coupled with the victim's identification of appellant on the trial, we cannot say that a finding that appellant's testimony on the 27.26 hearing was not credible is not authorized. The ruling of the trial court on this issue is not "clearly erroneous" and therefore the judgment should be affirmed. We do not, consequently, reach the claim that perjured testimony by a police officer is grounds for setting aside a conviction, without regard for the knowledge of the prosecutor of its falsity.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER and STORCKMAN, JJ., and HOLMAN, Alt. J., concur.

HENLEY, P. J., not sitting.