**Percy ROBERTS, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55531.**

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1970.

Ben Ely, Jr., St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court, made after an evidentiary hearing, overruling his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M.R.

Defendant had been charged with murder in the first degree but, by agreement, entered a plea of guilty to the offense of manslaughter and was sentenced to a term of ten years' imprisonment. For several months after his arrest he was represented by attorneys on the staff of the Public Defender, but prior to entering his plea of guilty employed an attorney of his own choosing. It appears from the transcript that the deceased, Stanley Lee, died as a result of brain injuries received when he was beaten and robbed by a number of young Negro men.

Defendant's position in the trial court, and here, is that the plea of guilty was not voluntary and hence the judgment should have been vacated, because induced and coerced by misrepresentations of his counsel and entered, in part, because of the existence of an incriminatory statement obtained by the police without his having been advised of his constitutional rights.

Fourteen pages of the transcript were required to set out the proceedings occurring at the time the plea was entered. The trial judge questioned defendant extensively in an endeavor to be certain that he understood what he was doing and that he was entering the plea voluntarily. Defendant stated that he understood the charge, the range of punishment, and that he was waiving a jury trial and entering the plea of guilty voluntarily upon the advice of his mother and his attorney. Note also the following: "Q [by the Court]. Are you guilty of this offense? A. Well—yes, sir. * * * Q. And do you understand once you plead guilty you cannot withdraw that plea of guilty and enter a plea of not guilty at a later date? Do you understand that? A. Yes." Later, he indicated that he did not take part in the robbery but was just a bystander and the court then stated that it would not accept his plea of guilty. After further discussion and after defendant had conferred with his attorney he again stated that he had taken part in the robbery and the court accepted his plea and imposed the sentence.

The relevant testimony of defendant concerning statements made to him by his attorney included the following:

"Q. Would you tell the court what Mr. Buechner told you about the jury?

"A. Well, he told me then that my chances wasn't very good, and there was two colored people on the jury and the rest was white, and what did I think they was going to say, and there was a white man killed, and he said my best bet would be to change my plea to guilty; he asked me if that was what I was willing to do, and plead guilty and I said I would, and he asked me if that is what I wanted to do, and I said yes.

"Q. Did Mr. Buechner at that time make any statements about witnesses who would appear against you?

"A. Yes, he said that they had two witnesses against me, that those two witnesses would say that I swung at the man, and would say they had seen me at the scene.

\*   \*   \*   \*   \*   \*

"Q. Originally you told the judge you didn't do anything with respect to this offense?

"A. Yes.

"Q. What happened after that; did you have a conversation then between you and your attorney?

"A. Mr. Buechner told me to tell him I took something out of the man's pocket.

"Q. Out of the victim's pocket?

"A. Yes.

"Q. Had you taken anything out of the victim's pocket?

"A. No.

\*    \*    \*    \*    \*    \*

"Q. After Mr. Buechner made this request of you to tell the judge that you took something from the victim's pocket, what did you do?

"A. I stated it."

Defendant also testified that he became intoxicated before his arrest, which occurred several hours after the homicide; that he was not advised of his constitutional rights and was intoxicated at the time he signed a statement sometime after his arrest; that he knew that a motion to suppress that statement had been filed, heard, and overruled; that he pleaded guilty when he was not guilty because he was scared.

Mr. Buechner, defendant's attorney at the time of the plea, testified that he had prepared the case for trial and was ready and willing to try it; that he recommended that defendant plead guilty because of the existence of the statement (confession) of the defendant, and, his knowledge that the name of Mr. Buchanan, one of the participants in the homicide, had been endorsed on the information and that he would testify in a manner that would implicate defendant in the assault and robbery.

The court made findings adverse to all of defendant's contentions and concluded its findings with the following: "The Court finds that Movant failed to produce any substantial evidence to sustain the grounds stated in his motion upon which he seeks relief, that his attorney was competent, and that Movant was effectively and ably represented by said attorney, from the day he was retained, and that he fully understood what he was doing at the time he pleaded guilty to the reduced charge of manslaughter."

At the outset of our consideration of defendant's contentions it should be stated that under the provisions of S.Ct. Rule 27.-26(j) the burden of proving the grounds for relief is upon the movant and that upon appeal our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous."

As indicated, the first point briefed is that the judgment should have been vacated because the plea was induced by misrepresentations to defendant by his counsel. The principal alleged misrepresentation relied on is that "counsel instructed appellant to tell the trial court that he, appellant, had taken money from the victim's pocket as evidence of appellant's participation in the offense, although appellant had not in fact done so." This contention is supported by the testimony of defendant and denied by his attorney. The trial court found the facts in that regard adversely to defendant. Mention is also made of the fact that defendant's attorney called to his attention the fact that he was black, the victim was white, and that the jury would be predominantly white. Defendant so testified, but his attorney was not asked about that statement by either attorney. It may well be that the racial situation was discussed by defendant and his attorney. However, that was a legitimate matter for their consideration and such a statement would not have amounted to a misrepresentation by counsel. Also, we note that Mr. Buechner testified that in advising defendant he did not make any statement to him "in the form of a threat, or anything like that." The findings of the trial court on the matters involved in the first point are not clearly erroneous and we accordingly rule that point against defendant.

Defendant's remaining point is that the trial court should have vacated the judgment because his plea of guilty was entered by reason of his having given an incriminatory statement, which was illegally obtained because he was not lawfully arrested and had not been advised of his constitutional rights. He relies primarily on the case of Smiley v. Wilson (9th Cir.),

378 F.2d 144, 147, 148, which held that "[a]lthough the existence of a coerced confession does not necessarily invalidate a conviction based upon a subsequent plea of guilty, the existence of such a confession is to be considered in determining the voluntariness of the plea if it is alleged that the confession motivated the plea." Federal Court of Appeals cases holding to the contrary are cited in Mitchell v. State, Mo. Sup., 447 S.W.2d 281. In Mitchell we also expressed the view that the existence of an inadmissible confession would not warrant post-conviction relief where a plea of guilty had been entered. However, irrespective of the holdings in other cases cited, this contention must be ruled against defendant by reason of the recent decision of the Supreme Court of the United States in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763. That case held that a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground, without more, that it was motivated by a coerced confession and that such a defendant is not entitled to a hearing on his habeas corpus petition.

As heretofore indicated, it is our view that the findings, conclusions, and judgment of the trial court are not clearly erroneous and that the motion to vacate was properly overruled.

The judgment is affirmed.

All concur.