James Irving **DUNCAN**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 56311.**

Supreme Court of Missouri,
Division No. 1.

Oct. 11, 1971.

Miguel C. Siyang, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Presiding Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court overruling his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M.R. We affirm.

On July 1, 1969, defendant entered a plea of guilty to a charge of forcible rape and was sentenced to imprisonment for 15 years. On the same day he entered a plea of guilty to a charge of stealing from a person and was sentenced to 10 years' imprisonment. A plea of guilty to a charge of assault with intent to ravish with malice was also entered on that date and defendant was sentenced to 10 years' imprisonment thereon. All of those sentences were ordered to run concurrently.

In his pro se motion to vacate defendant alleged as grounds therefor the following: "(a) I did not have counsel until a month after I was in City Jail. I was not advised of my rights. The victim positively identified someone else; (b) I had three lawyers and each time one of them said they were going to help me he was taken off my case and I was not notified of the change; (c) one of my lawyers told me if I pled guilty I would get a two-years' probation. The lawyer's name is Jerry Perryman of the Public Defender's Bureau."

It will be noted that while there is no general allegation of ineffective assistance of counsel all of the allegations relate to the manner in which assigned counsel represented defendant. And on this appeal the case is briefed on the general theory that the court erred in not sustaining the motion to vacate the judgments because defendant was not accorded substantial and adequate assistance of counsel. At the hearing of the motion defendant testified in his own behalf and Jerry Perryman was called as a witness for the State. Various portions of that evidence will be referred to in our discussion of the contentions presented.

The transcript of the proceedings at the time the pleas of guilty were entered discloses that in response to questions by the court defendant stated that he had discussed this matter with his attorney; that he understood that he was entitled to a trial by jury but did not want one; that there had been no threats or promises that were causing him to enter the pleas of guilty and that such were his free and voluntary acts. The assistant circuit attorney then stated the facts relating to each crime and defendant admitted that they occurred in the manner stated. Briefly, in regard to the rape and stealing charges, it was stated that, on the day in question as prosecutrix was approaching the garage behind her home, defendant grabbed her and pulled her into the garage, "knocked her to the ground, struck her, and then raped her." Before leaving he took some money from her purse. Later that day he approached the prosecutrix in the case of the assault with intent to ravish and forced her into her apartment and "tore off her clothing and he then removed his own clothes, and approximately at the same time, two police officers approached the door. The door had been knocked in and they saw that and the defendant ran around the back of the building. He was apprehended there." At the time of entering the plea in the first case defendant's attorney requested that the case be referred for a presentence investigation. After hearing the facts stated the trial judge ruled that he "wouldn't place this man on probation under any circumstances."

In overruling the motion the trial court found against all of defendant's contentions generally, and found specifically: "That Movant was represented by adequate counsel at all critical stages of proceedings and that he was fully advised of his rights; that there is no substantial evidence that the victim or victims identified someone other than Movant as the one who perpetrated the crimes; that the Movant was not promised by anyone that he would be given two years and placed on probation if he pled guilty to the crimes charged; * * * [and] that Movant's pleas of guilty were voluntarily made, that

no promises were made to cause Movant to enter the pleas of guilty and that he was not threatened or coerced into entering the pleas of guilty."

At the outset of our consideration of this appeal it should be mentioned that the burden of proving the grounds for relief is upon defendant and that upon appeal our review is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." S.Ct. Rule 27.26(j).

There is no substance to the allegation that defendant did not have counsel until one month after he was placed in jail. Mr. Perryman testified that he conferred with defendant on December 23, 1968, five days after the first charge was filed, and that George Hubel talked with him three days later, after the other indictments were returned.

■ Defendant testified that Perryman told him at their first meeting that he would get him "2 years probation." This was denied by Perryman. Later, in restating his testimony on this point, defendant said Perryman said he would try to get him probation. We do not think that evidence (even if assumed to be true) has any substantial bearing on the issue before us. This because the alleged statement was made when only one charge had been filed, and defendant testified that after the other indictments had been returned and he saw Mr. Hubel he was told that probation was out of the question.

In the early part of February 1969 Mr. Hubel obtained an order for defendant to receive a psychiatric examination at Malcolm Bliss Hospital. It was completed May 15, apparently with a finding that defendant was mentally able to stand trial, and on May 16 the cases were removed from the mental examination docket and set for trial on July 7, 1969. Thereafter, on June 20, Mr. Perryman again saw defendant and explained that if he wanted to plead guilty to the three charges the assist-ant circuit attorney had said he would recommend fifteen years, concurrent sentences. Mr. Perryman testified that defendant then stated he "could not take fifteen years," but would be interested in ten years; that he communicated this offer to Mr. MacDonald, Assistant Circuit Attorney, but he refused to "go below fifteen years"; that he and defendant then decided that they would both confer with MacDonald so that defendant could "explain to him his situation and that possibly the State would see things in a better light"; that he had defendant brought to the courthouse on July 1, and they met with Mr. MacDonald, at which time "we sat down and discussed the cases and the State's recommendation. At that time James [defendant] said that he thought the ten years was reasonable in view of the fact that he believed that Mrs. B_____ had partially consented, and even though he admitted having intercourse with her and hitting her once across the face, he hadn't beat her up or forced her to submit to intercourse. So Mr. MacDonald at that point said, 'I want you to look at this, James,' and he took out a photograph of Mrs. B_____ in which she had her blouse pulled down to a position just above her breasts and that photograph revealed extensive bruising from her sternum up to her face, and James looked at that photograph and said at that point, 'Well, I'll take the fifteen years.' "

■ The main contention of defendant on this appeal is that instead of investigating and preparing the cases for trial his attorneys (Perryman and Hubel) concentrated their efforts in trying to get him to plead guilty and hence he did not receive proper representation. The transcript of the evidence presented at the hearing of the motion is silent on the question regarding the investigation and other preparation made by the attorneys and therefore defendant has failed to carry his burden in that respect. However, in that connection it should be noted that one cannot read the transcript without concluding that defendant was not seriously contending that he

was innocent but was endeavoring to obtain probation or a short sentence. This is certainly understandable when we consider that he was practically caught in the act of committing one of the offenses.

■ It is also pointed out in the brief that defendant testified that at one time "George Hubel starts talking to me about fifteen years. I said, 'Man, I can't do no fifteen years.' He said, 'Well, Jim, they got you good.' He said, 'If you don't take the fifteen years,' he said, 'what would you rather do, fifteen or fifty years?' I said, 'You mean to tell me if I take this to trial I am going to get fifty years?' He said, 'Jim, I think you ought to take this time. I am advising you to take it.' I said, 'No, man.'" Also, defendant stated that when he was discussing whether he should plead guilty and take the fifteen years, Mr. Perryman said, "If you take it to trial it's going to be like this here, it's going to be a white jury and they are going to say, 'This black man raped this white woman.'" We do not think either of these statements (if assumed to be true) would warrant the relief sought. While defendant used his own peculiar manner of expression, it is apparent that Mr. Hubel was advising defendant as to the sentence he might reasonably expect if convicted on a trial, and Mr. Perryman was suggesting the handicap that might result from the racial situation. Both of those subjects were legitimate matters for discussion in considering a trial by jury. Roberts v. State, Mo.Sup., 458 S.W.2d 248 [1].

■ The most vigorous complaint in the brief relates to the fact that Mr. Perryman permitted defendant to be present at a conference with the assistant circuit attorney in which he admitted having intercourse with Mrs. B———. It is said that this was "unjust, oppressive, and incompatible with the adversary system of our criminal procedure." We do not agree. Defendant apparently wanted to talk with Mr. MacDonald and we do not think that it was improper representation for Mr. Per-

ryman to permit such. State v. Harris, Mo.Sup., 467 S.W.2d 876. Of course, as is true of many tactical decisions in the practice of law when viewed in retrospect, it might have been better if defendant had not been at the conference, but there is nothing to indicate that Perryman knew that defendant would make any admissions at that time.

In support of his contentions defendant has cited a number of cases decided by the federal courts which state general rules relating to the requirement that a defendant have effective assistance of counsel. Since these rules are well known those decisions need not be reviewed in this opinion.

As indicated by the foregoing it is our view that the findings, conclusions, and judgment of the trial court were correct and hence it follows that the judgment should be affirmed.

It is so ordered.

All concur.