**Lee Vernon WARREN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56428.**

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

Vern H. Schneider, Richard A. Stockenberg, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Special Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Supreme Court Rule 27.26, V.A.M.R. On July 9, 1968, Lee Vernon Warren was sentenced to life imprisonment upon plea of guilty to charge of murder in the first degree. In February, 1969, he filed a motion under Supreme Court Rule 27.26, seeking to have the conviction set aside. The grounds alleged in his motion were:

"(a) Undue delay between arrest and arraignment—see Mallory vs. U. S., 354 U.S. 449 [77 S.Ct. 1356, 1 L.Ed.2d 1479]; (A–1) Statements made during illegal detention are void—see Fed.Rules Crim.Proc. 66 page 6.

"(b) Ineffective appointment of counsel who inadequately represented movant; (B–2) denied guiding hand of counsel at critical stage of proceedings in curia and hospital interrogation.

"(c) Plea of guilty predicated upon psychological coercion employed to extract statements without affording or advising movant his constitutional rights, in absence of cognizant and intelligent waiver."

An evidentiary hearing was held at which Warren was present, represented by an appointed attorney. Warren testified at the

hearing. The trial court denied relief and, on March 9, 1970, the judgment of the trial court was affirmed by this court. State v. Warren, Mo.Sup., 451 S.W.2d 30.

On August 20, 1970, Warren filed a second 27.26 motion in the circuit court, again seeking to have the murder conviction set aside. The grounds stated in the motion were:

"(a) Jury panel (all white)-void. Cause of death uncertain-void. Confessions obtained without the presence of an attorney-void. Confessions given under the influence of drugs-void. Face of the indictment-void. Statements made during illegal detention are void. Double jeopardy. (Murder-First and Arson)-void. Denied counsel at critical stages-void. Involuntary plea of guilty-void. Mental disease or defect which would exclude responsibility. Birth defect which would exclude responsibility. Being under the influence of alcohol and stimulant drugs, which would exclude responsibility at the time of the act: Certain witnesses against Defendant-void (Testimony of no value). Undue delay between arrest and arraignment-void. Illegal search-void."

In response to the question in the application, movant stated that the questions of undue delay between arrest and arraignment, statement made during illegal detention and ineffective assistance of counsel had been raised in the prior 27.26 motion, but had not been ruled on. As the reason for not having raised in the prior proceeding the other grounds advanced in the current motion, movant stated: "Movant not versed in law."

On September 17, 1970, the circuit court, upon examination of the files and records, made the following order:

"That on February 13, 1969, the Movant filed a Motion to Set Aside Judgment and Sentence Under S.P. Rule 27.26, that on May 16, 1969, a hearing on said motion was held, that on May 21, 1969, the same motion was overruled by this Court, that on May 23, 1969 an appeal was taken from said ruling to the Supreme Court of Missouri, that in the January session, 1970, the Supreme Court affirmed the ruling of the Circuit Court (Supreme Court 451 S.W.2d 30), that the motion under Supreme Court Rule 27.26 filed August 20, 1970 is second motion filed in the same case asking for similar relief; therefore, it is ordered that the Motion Under Supreme Court Rule 27.26 to Correct Judgment and Sentence filed August 20, 1970 be and the same is hereby dismissed."

On this appeal, the contention of appellant is: "The Trial Court Erred in Dismissing Appellant's Second Motion to Vacate Because There is No Absolute Prohibition Against Filing Successive Motions and the Court Made no Finding that the Grounds for Relief in Appellant's Second Motion were or could have been Raised in his First Motion."

Subparagraph (d) of Supreme Court Rule 27.26, V.A.M.R., provides:

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion."

This provision of Rule 27.26 recognizes that a defendant is not limited to a single application for relief under Rule 27.26. The trial court was obliged to consider the second application of movant in the light of 27.26(d). Insofar as the record here shows, the trial court did not do so but dismissed the second motion on the grounds that it asked for similar relief as the first motion. This is not a proper basis for refusal of the second motion. In view of the nature of the review in this court, the cause

must be remanded to the trial court with directions to consider the motion in the light of 27.26(d) insofar as it permits movant to explain the reason for the second motion. Any disposition of the motion upon reconsideration should also take into consideration the requirement of 27.26(i): "The court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." See Larson v. State, Mo.Sup., 437 S.W.2d 67, 69 [3].

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.