James Robert CAFFEY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57261.

Supreme Court of Missouri, Division No. 1.

July 17, 1972.

James Robert Caffey, appellant, pro se, and Miller, Fairman, Sanford, Carr & Lowther, F. William Joyner, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN Presiding Judge.

Movant (hereinafter referred to as defendant) has appealed from an order of the circuit court, made without an evidentiary hearing, dismissing with prejudice his motion to vacate filed pursuant to S.Ct. Rule 27.26, V.A.M.R. We affirm.

On February 9, 1962, defendant was convicted of unlawful control of narcotic drugs and his punishment was fixed by the jury at imprisonment for a term of 20 years. Upon appeal that judgment was affirmed. State v. Caffey, Mo.Sup., 365 S. W.2d 607. In May 1969 defendant filed a motion to vacate the judgment under S.Ct. Rule 27.26, which was overruled after an evidentiary hearing, and defendant appealed. Thereafter, this court set aside its earlier judgment of affirmance of the original conviction because defendant had not been represented by counsel on that appeal and ordered the case reheard. The cases were consolidated and we thereafter affirmed both judgments. State v. Caffey, Mo.Sup., 457 S.W.2d 657.

In the present (second) 27.26 motion the grounds relied upon by defendant are as follows: "(a) Movant was denied his right to a fair trial by reason of the fact the sheriff, the State's chief witness, who remained in the courtroom during trial at the invitation of the Court and despite defendant's request to invoke the Witness Rule, took charge of the jury throughout the entire trial and during jury deliberations, contrary to the Fourteenth Amendment to the U. S. Constitution. Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424; State v. Tyarks, Mo.Sup., 433 S.W.2d 566. (b) Movant was denied the effective assistance of counsel at his trial by reason of counsel's failure to object to the State's chief witness, the sheriff, remaining in the courtroom during trial after the Witness Rule was invoked, and failing to object to the sheriff being placed in charge of the jury throughout the entire trial and during jury deliberations, contrary to the Sixth Amendment of the U. S. Constitution." Upon the filing of the motion Judge Greene, who presided at the original trial and decided the first motion to vacate, disqualified because he anticipated that if an evidentiary hearing were granted he would likely be called as a witness. The case was sent to another division of the Greene County Circuit Court where the judge made rather extensive findings and dismissed the motion because the grounds alleged were included in the prior motion and were known to defendant, or could have been known to him, both at the time of original trial and at the time the first 27.26 motion was filed and determined.

Defendant is represented on this appeal by an appointed attorney who has filed a brief in his behalf. In addition defendant has filed a pro se brief. We have considered both briefs.

At the outset of our consideration of this case it should be noted that the trial court is not required to hold a hearing upon the motion if "the files and records of the case conclusively show that the prisoner is entitled to no relief." S.Ct. Rule 27.26(e). Also, said rule further provides that "[T]he sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion * * *." S.Ct. Rule 27.26(d).

Defendant concedes that the grounds alleged in his motion were included in the grounds relied on in his first motion and that ordinarily Rule 27.26(d) would preclude consideration of this motion. He seeks to escape the application of that provision by contending that he did not have a full and fair hearing on his first motion because all of the evidence was not developed. He says he has newly discovered evidence bearing on the issue as to whether Sheriff Hendrix had charge of the jury during his trial. This evidence is said to be a certified copy of the judgment which recited that "the jury * * * now retires in charge of the Sheriff who is first duly sworn touching their duties * * *." The only exception contained in 27.26(d) is that a second motion may be maintained where the movant shall carry the burden of establishing that any new ground raised could not have been raised by him in the first motion. Note that such refers to a new *ground*, not new *evidence* to prove the same ground previously raised. We find no provision in the rule for permitting a new motion because of newly discovered evidence.

■ In this case, however, we need not decide the question as to whether newly discovered evidence could be a basis for maintaining a second 27.26 motion. This for the reason that the evidence relied on is not newly discovered. It appears from an affidavit filed by defendant that he had the certified copy of the judgment in his possession and delivered it to his inmate legal advisor for use in preparing his first motion. He says the inmate misfiled the copy and failed to return it to him until after the hearing of that motion. It is our view that defendant had possession of the copy (either personally or through his inmate-agent) prior to and at the time of the hearing of the first motion. Moreover, he and his (licensed) attorney were present at the hearing of the first motion and could have examined the original record and, if desired, could have offered that record into evidence at that time. It is therefore obvious that the evidence he seeks to offer in support of his second motion was available to him at the time of the hearing of the first motion.

The remaining point in the brief filed by defendant's counsel is that in a memorandum attached to his second motion defendant attempted to raise a new question, i. e., that the trial judge, at the prior 27.26 hearing, relied upon his own recollection and observations in making the factual determination as to whether the sheriff did in fact take charge of the jury during deliberations, and by reason thereof, appellant was denied his right to confront a witness on cross-examination. They say such was contrary to the principles set forth in Tyler v. Swenson (8th Cir.), 427 F.2d 412. It is also said that the court should have appointed counsel to develop that point.

We do not know the precise purpose of defendant in attaching the memorandum to the motion, but it seems to be a brief de-

signed to support the motion. He does mention therein that the judge, in deciding the first motion, made a statement concerning his recollection that Sheriff Hendrix did not take charge of the jury, and *Tyler* is cited. Although we need not decide this point on the merits it perhaps should be mentioned that *Tyler* would not apply in this case because there were two witnesses who testified at the hearing of the first motion that Hendrix did not have charge of the jury. It would also appear that this alleged error should have been raised by objection in the trial court and briefed on the appeal from the decision of the first motion.

■ We rule that the trial court was not required to appoint counsel to develop a point which was not alleged in the motion but was mentioned in the attached memorandum brief. In that connection we think it appropriate to mention that our system of jurisprudence contemplates that there should be some reasonable point when a judgment determining criminal responsibility should become final. It appears from information listed in defendant's motion that this is the sixth proceeding that this court has considered which sought to attack defendant's conviction; that two motions have been filed by defendant in the Federal District Court; one in the U. S. Court of Appeals; and one in the U. S. Supreme Court. We observe that this defendant has been accorded every reasonable opportunity to attack the validity of his conviction and has exhausted those remedies.

We have considered other points raised in the pro se brief but find them to be without substance.

Judgment affirmed.

BARDGETT, J., and RUSSELL, Special Judge, concur.

SEILER, J., not sitting.