**William Earl ARNOLD, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56544.**

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

Willard B. Bunch, Legal Aid and Defender Society of Greater Kansas City, Kansas City for appellant; Paul T. Miller, Executive Director, Kansas City, William E. Mounts, Certified Law Intern, of counsel.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Supreme Court Rule 27.26, V.A. M.R., to set aside conviction and 15-year sentence on jury verdict of guilt on charge of robbery in the first degree.

William Earl Arnold was found guilty of robbery in the first degree by a Jackson County Circuit Court jury on April 22, 1968. He was sentenced to 15 years' imprisonment. On January 8, 1969, he filed a motion under Supreme Court Rule 27.26 in the Jackson County Circuit Court to set aside the conviction. Numerous grounds were alleged. After an amendment of the motion in September, 1970, the trial court, on January 19, 1971, entered its judgment and order denying the motion. The trial court's order was made without a hearing on the basis of the contents of the transcript of the trial proceedings.

On this appeal, counsel for movant "submit * * * without further comment" several grounds advanced in the motion. Movant's brief acknowledges that the record supports the trial court's finding on such issues. Submission of such issues "without further comment" does not call for review in this court which considers only issues argued and briefed here.

Appellant does contest the following finding of the trial court:

"3. As to the allegation that petitioner was denied effective assistance of counsel because he was placed in a lineup on August 11, 1967 without counsel, the record indicates that at the trial counsel for the State and counsel for defendant both ques-tioned extensively the witness about the circumstances surrounding the lineup, and the facts were so sufficiently detailed that the court could conclude from the totality of the circumstances—and I do so now conclude—that the in-court identification had an independent source aside from the lineup and was not tainted thereby. The witness had adequate opportunity to observe and did observe her assailant at the scene of the crime. True, there was no motion filed to suppress the in-court identification as being tainted by the lineup procedure, but I conclude that defense counsel realized the futility of such a motion.

"An examination of the court file, herewith made a part of this proceeding, indicates that the complaint and warrant for arrest in this case were issued by a magistrate on *August 10*, 1967. The lineup was had on *August 11*, 1967. The question is thus raised, whether a lineup without counsel and absent waiver of counsel but not otherwise irregular or suggestive, which was conducted *subsequent* to the issuance of a complaint but *prior* to the filing of an information or indictment is constitutionally impermissible under *Wade* and *Gilbert* and, if referred to during the trial, requires vacation of the conviction. On the authority of State v. Walters [Mo.], 457 SW(2) 817 which specifically holds that defendant's lack of counsel at lineup did not deprive him of his right to counsel or due process where defendant had not been *indicted* and *no information* had been filed against him prior to the time of lineup, I rule this point against the petitioner. My personal opinion is that *any* confrontation between a suspect and witnesses after an indictment, information or complaint has been filed is a 'critical state' under *Wade-Gilbert*, but that does not seem to be the present law in Missouri."

Subsequent to the submission of this appeal, the United States Supreme Court, on June 7, 1972, in the case of Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 1881, 32 L.Ed.2d 411, considered the application of the Wade rule and held, in effect, that

the right to counsel, including the right to counsel at a lineup guaranteed by Wade, "attaches only at or after the time that adversary judicial proceedings have been initiated against [the defendant]." Kirby involved a confrontation after an arrest but prior to the institution of criminal proceedings and Wade was held inapplicable in such a case.

The trial court's findings here indicate that the lineup in question occurred after the complaint charging movant had been filed and a warrant issued. Although filing of a complaint does not constitute a "criminal prosecution" (State v. Caffey, Mo.Sup., 438 S.W.2d 167, 171[1, 2]), filing of a complaint is the first step in the institution of a criminal charge under Missouri procedure. State v. Nichols, 330 Mo. 114, 49 S.W.2d 14, 19[8, 11]. The filing of a complaint and issuance of a warrant is the initiation of "adversary judicial proceedings" within the Kirby case. Thereafter, right to counsel attaches, including the right, under Wade, to have counsel present in any planned confrontation with witnesses. The effect of denial of such right is determined, insofar as a witness's at-trial identification is concerned by the Wade requirement that the at-trial identification be based upon observations of the suspect other than the lineup identification. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. At-trial evidence of the lineup identification in the absence of counsel without waiver is subject to the per se exclusionary rule laid down in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

The trial court's findings here do not disclose with clarity what, if any, use was made at the trial of evidence of the lineup identification of movant. The trial transcript has not been filed here and this court has no basis for passing upon the question. Therefore, the judgment and order of the trial court will be set aside and the cause remanded to the trial court for consideration of this question in the light of the views herein expressed.

Reversed and remanded.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.