Charles Cecil **SHIELDS**, Movant, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 34861.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 30, 1973.

**8**

---

Walter J. Taylor, Jr., Frank P. Wolff, Jr., St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., James E. Darst, Asst. Circuit Atty., Charles B. Blackmar, St. Louis, for respondent.

WEIER, Judge.

Appellant contends the trial court erred in denying him an evidentiary hearing on his second motion to vacate and set aside sentence pursuant to Rule 27.26, V.A.M.R. We have concluded that the findings of fact and conclusions of law of the trial court are sustained by the record and the law without an evidentiary hearing, and affirm.

The appellant was convicted in the Circuit Court of the City of St. Louis of robbery in the first degree by means of a dangerous and deadly weapon. His conviction was affirmed on appeal to the Missouri Supreme Court. State v. Shields, Mo., 391 S.W.2d 909, cert. denied 382 U.S. 966, 86 S.Ct. 457, 15 L.Ed.2d 369. On April 25, 1968, appellant filed a motion to vacate this conviction under Rule 27.26, *supra*. Following an evidentiary hearing on this motion before the Circuit Court of the City of St. Louis, the motion was denied. This judgment was affirmed on appeal to the Missouri Supreme Court on June 9, 1969. State v. Shields, Mo., 441 S.W.2d 719. Thereafter, on November 3, 1971, appellant filed a second motion to vacate the sentence. It is from the denial of this second motion without an evidentiary hearing that appellant now brings this appeal.

Rule 27.26(d), V.A.M.R., states in part that the court in which a second motion to vacate sentence has been lodged shall not entertain a motion where the ground presented is new but could have been raised in the prior motion. The burden is placed on the movant to establish that any new ground raised in the second motion could not have been raised by him in the prior motion. It is true that the rule recognizes a prisoner is not limited to a single motion to vacate. Warren v. State, Mo., 473 S.W.2d 427. But merely because the rule does authorize a second motion, it does not necessarily follow that the movant is entitled to a second evidentiary hearing. In *Warren* the trial court made no findings of fact or conclusions of law to support its dismissal of the second motion. Rather it dismissed the second motion because it asked for the same relief as the first motion. The decision held the trial court was still required to make findings of fact and conclusions of law on all issues presented whether or not the hearing was held. Larson v. State, Mo., 437 S.W.2d 67, 69 [3]. Thus in Johnson v. State, Mo., 472 S.W.2d 433, the court just as here entered detailed findings of fact and conclusions of law, and then determined that the motion did not state facts that would entitle the appellant to relief. On appeal is was held that the court below properly ruled those matters without an evidentiary hearing.

We now examine the appellant's motion and the trial court's findings of fact and conclusions of law to determine whether appellant was entitled to an evi-

dentiary hearing. Movant first charges that his trial counsel was ineffective for not preparing a proper defense, not producing proper witnesses, not making proper objections at the trial, failing to raise proper issues in a motion for new trial, and failing to have movant sent to the hospital for evaluation. As to these allegations, the trial court found that they presented nothing but general conclusionary statements. The court further found there was no reason why these allegations could not have been raised on the prior motion to vacate. As to this first ground, an evidentiary hearing is predicated upon there being issues of fact raised in the motion. Rule 27.26(e), V.A.M.R. Here the movant failed to present any issues of fact. His charge consisted of general conclusions without any facts to show how and in what respect trial counsel failed to prepare a so-called proper defense, produce proper witnesses, make proper objections, raise proper issues, and how having movant sent to a hospital for evaluation might have changed the trial result. A motion to vacate must allege facts sufficient to state a claim in order to entitle movant to a hearing on the issues raised. State v. Washington, Mo., 399 S.W.2d 109, 111 [4]; State v. Wagoner, Mo., 403 S.W.2d 592, 593 [1–3]. We further see no reason why this claim of inadequacy of counsel at the time of trial could not have been raised in the prior motion to vacate. As stated by the trial judge, all of the facts with respect to the trial would have been known to defendant at that time, and therefore, accordingly, a failure to disclose any reason why it was not included in the prior motion prevents movant from raising it in the present motion. Rule 27.26(d), V.A.M.R.

■ Paragraph 2 of appellant's motion contends that he was denied effective counsel on his prior motion to vacate in that his counsel failed to advise the movant of other violations of his constitutional rights "such as will be set forth below". The motion then continues with seven grounds numbered 3 through 9 which he alleges demonstrate inadequate representation and further entitle him to relief on their own merits. The first of these paragraphs, No. 3, alleges certain evidence that violated his constitutional rights was admitted against him at trial and should have been excluded. Again he fails to allege what evidence was admitted against him at the trial and hence this ground is in violation of the rule in State v. Washington, *supra*.

■ Passing on to Paragraph 4, appellant contends that he was denied a basic fair trial because of a mistaken identification. Again the allegations are so general in nature as to be mere conclusions.

■ In Paragraph 5 appellant claims a denial of due process because he was denied counsel when arrested. As a matter of law a defendant is not necessarily entitled to counsel at the time he is arrested. The filing of a complaint and the issuance of a warrant is the initiation of "adversary judicial proceedings" under United States Supreme Court decisions establishing the right to counsel. Thereafter, the right to counsel attaches, including the right to have counsel present at any planned confrontation with witnesses. Arnold v. State, Mo., 484 S.W.2d 248. The mere fact that a man may be arrested as a suspect in the commission of a crime and identified by the victim or a witness without his representation by counsel is no denial of constitutional rights.

■ In Paragraph 6 the movant contends that his sentence should be reduced as to time because two of his co-defendants received lighter sentences. The fact that co-defendants receive different sentences does not violate constitutional rights. State v. Brownridge, Mo., 459 S.W.2d 317, 319 [4, 5]; State v. McCaine, Mo., 460 S.W.2d 618, 621 [7, 8]. There can be no complaint of excessive punishment when it is within the limits provided by law. State v. Cook, Mo., 440 S.W.2d 461. The punishment imposed in this case does not appear to have exceeded those

limits. State v. Shields, *supra*, Mo., 391 S.W.2d 909, 911.

Paragraph 7 of the motion contends that the Grand Jury was improperly selected. Appellant was prosecuted under a substitute information in lieu of indictment and has no standing to complain about the Grand Jury proceedings.

In Paragraph 8 appellant admits that the proceeding against him was upon a substitute information but charges that he received no preliminary hearing. Defendant by proceeding to trial without objection waived any right to object to any defect in connection with a preliminary hearing or lack of hearing. State v. Ashe, Mo., 403 S.W.2d 589, 591 [3].

The 9th and final ground for appellant's motion presents an attack upon the practice in Missouri of trying the issue of habitual criminality before the court without a jury. He again asserts a deprivation of constitutional rights under the United States Constitution. The Habitual Criminal Act, § 556.280, RSMo 1969, V.A.M.S. has been consistently attacked as unconstitutional because of its failure to afford a defendant his right to trial by jury. This has just as consistently been overruled and the statute sustained. State v. Prigett, Mo., 470 S.W.2d 459, 463 [7].

In the instant case, the trial judge patiently made extensive findings of fact and conclusions of law which demonstrated that the appellant was not entitled to relief on any of the grounds submitted in his motion. From our review of the record we are in complete agreement with the trial judge that under these circumstances no evidentiary hearing was required. Our appellate review is limited to deciding only whether the trial court was clearly erroneous. Rule 27.26(j), V.A.M.R.; Cheek v. State, Mo., 459 S.W.2d 278, 280. Since the files and records of the circuit court, and in this court on appeal, demonstrate that defendant was not entitled to any relief under appellant's motion, the trial court did not err in denying the appellant's motion without an evidentiary hearing. State v. Moore, Mo., 435 S.W.2d 8, 17 [18].

The judgment of the court below is affirmed.

DOWD, C. J., and McMILLIAN, J., concur.