Joseph Allen ROE, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26573.

Missouri Court of Appeals,
Kansas City District.

June 4, 1973.

John J. Campbell, Farley, for appellant.

John C. Danforth, Atty. Gen., Daniel P. Card, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and SWOFFORD, JJ.

SHANGLER, Judge.

Appellant entered a plea of guilty on July 28, 1967 to a charge of robbery. While in custody awaiting presentence investigation, appellant was charged with assaulting a police officer, and later pleaded guilty to that charge also. The court set aside its order for report of presentence investigation and sentenced appellant to ten years for assault and five years for robbery, the terms to run consecutively.

On May 23, 1969, appellant filed a motion to vacate both sentences under Rule 27.26, V.A.M.R. After an evidentiary hearing, the trial court entered a statement of findings and denied relief. The findings and judgment of the trial court were affirmed on appeal. Roe v. State, 459 S. W.2d 371 (Mo.1970).

On April 15, 1971, appellant filed a successive motion for Rule 27.26 relief, but only as to the robbery sentence. The motion acknowledged the prior collateral attack on the robbery judgment and sentence by Rule 27.26 motion, the denial of relief on that motion by the trial court, and the final adjudication of denial by the Missouri Supreme Court. The second motion alleged as grounds for vacating the robbery sentence that (1) movant's plea of

guilty was involuntary and (2) he was denied effective and competent assistance of counsel. In support of these assertions, appellant alleged that although he was bound over by the magistrate to answer in the circuit court for a felonious stealing, he was advised by counsel that he was charged with robbery (and thus, presumably, was induced to plead unwittingly to a more serious offense but one not lawfully charged), a charge moreover, movant further contended, counsel made no attempt to investigate. Appellant ascribed as reasons for failure to raise these grounds in the first Rule 27.26 motion that (1) he did not have the records for examination when he prepared the first post-conviction motion and (2) counsel did not raise these points.

The State moved to dismiss appellant's second Rule 27.26 application for the reason that the grounds alleged by appellant had been concluded by the adjudication of appellant's first motion. After the presentations of counsel and upon examination of the files and records in the case, the trial court denied appellant an evidentiary hearing and, without further proceeding, dismissed the second motion for Rule 27.26 relief with the finding: "Movant has previously been granted a hearing under Supreme Court Rule 27.26 by this Court, in which evidence was heard, findings of fact and conclusions of law were given, motion was denied, the same was appealed and was affirmed by the Supreme Court of the State of Missouri as reported in 459 S.W. 2d 371. The grounds as alleged in Movant's new motion now before this Court have all been ruled on in Movant's previous motion referred to above." In this court, appellant contends the order of dismissal was erroneous because (1) the prohibition of Rule 27.26(d) against successive motions is not absolute, but will permit a movant opportunity to explain by evidence the reason for the second motion and (2) the judgment of dismissal does not conform to the requirements of Rule 27.26(i). Appellant cites Warren v. State, 473 S.W.

2d 427 (Mo.1971) to support both assignments of error.

■ In *Warren*, the successive Rule 27.-26 motion to set aside the conviction asserted numerous grounds not previously raised in the first motion. The trial court concluded, and by order recited, that an examination of the files and records in the case disclosed that the first motion was heard and denied, the appeal from that judgment was determined adversely to the prisoner, and that the second motion which sought "similar relief" to that denied him in the first proceeding, should be dismissed. In setting aside the order of dismissal, *Warren* held (l. c. 428) that a determination that a successive motion seeks "similar relief" to that in the first "is not a proper basis for refusal of the second motion". That holding accords with the plain language of Rule 27.26(d) which disqualifies only such successive motion which presents a ground "raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion". Where the subsequent motion is not so precluded, as in *Warren*, the trial court must allow the movant opportunity to explain by evidence the reason for the second motion.

■ The contentions appellant makes here, however, do not fall within the holding of *Warren* or the fallency to Rule 27.-26(d), for the grounds appellant has raised in his successive motion—the involuntariness of his plea and lack of effective assistance of counsel—were raised and determined adversely to appellant on his prior motion, and thus the trial court's dismissal, without hearing, of the successive motion was proper and will be sustained.

The plea of guilty to the charge of robbery was accepted by the trial court only after the nature of the charge, the waiver of rights involved and consequences of the plea were explained to appellant in patient detail. The motion for Rule 27.26 relief

which followed was denied by the trial court upon express findings that the appellant knew and fully understood the charges contained in the information, had been accorded competent counsel and voluntarily entered pleas of guilty to charges of robbery and assault. The judgment of the trial court which rests on these findings was affirmed on appeal. Roe v. State, *supra*. Appellant's successive Rule 27.26 motion does no more than reassert in guise grounds already finally adjudicated against him. The point (9–B) in the first motion which contended that the guilty plea in the circuit court to robbery was for an offense not legally charged since appellant had been bound over by the magistrate to answer for a felonious stealing, on the second motion is asserted as a species of incompetency of counsel which culminated in an involuntary plea, by failure of counsel to investigate the charge and properly advise appellant that it had no legal effect. The issue of ineffective assistance of counsel was exhausted by the determination on the prior motion that appellant was afforded counsel who served him competently. Huffman v. State, 487 S.W.2d 549, 554 [4] (Mo.1972). The issue of voluntariness of plea of guilty, also fully adjudicated on the first motion, is similarly exhausted. Caffey v. State, 482 S.W.2d 474, 476 (Mo. 1972).

Our determination that these grounds were raised and finally adjudicated against appellant on his first motion determines also that the records upon which the conviction of robbery rests, the warrants of arrest for assault and robbery and the Informations formally charging those offenses—which were received as exhibits in the hearing on the first motion and alluded to specifically in the court's findings of fact —as well as the full transcript of all relevant proceedings, were available to appellant and his counsel at the time the first motion was heard and that the nature of the offense to which appellant pleaded guilty was also litigated.

 As to the second point on this appeal, the trial court's finding prelude to summary dismissal of the successive Rule 27.26 motion that: "The grounds as alleged in Movant's new motion now before this Court have all been ruled on in Movant's previous motion referred to above" was sufficient compliance with the requirements of Rule 27.26(i). The transcript and records and files in the case conclusively show that appellant was entitled to no relief on the successive motion. No issue of fact was raised. The court properly denied an evidentiary hearing, and the dismissal was authorized. Rule 27.26(e).

The judgment is affirmed.

All concur.