**Michael Lee QUINN, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 58200.**

Supreme Court of Missouri,
Division No. 1.

July 22, 1974.

Opinion Modified on Court's Own Motion.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 9, 1974.

Alfred O. Heitzmann, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Rule 27.26, V.A.M.R., to set aside conviction and sentence of life imprisonment on jury verdict by which Michael Lee Quinn was found guilty of murder in the first degree. The conviction was affirmed on a prior direct appeal. State v. Quinn, 461 S.W.2d 812 (Mo.1970).

On this appeal, findings of the trial court on three issues are attacked:

1. Lineup. Appellant testified on the 27.26 hearing that he was viewed by state's witness Charlie Bates at a lineup on the evening of the murder and defendant's arrest, May 23, 1968, and again the next morning, in two separate lineups. Appellant testified that at none of the lineups was he advised that he had the right to have an attorney present and that none was present to represent him. He also testified to a subsequent encounter with Bates when appellant came out of an elevator at the city jail. He testified to subsequent lineup appearances in June, 1968, at which he was not represented by an attorney.

The trial court concluded that appellant had not shown whether the lineup appearances had taken place before or after indictment. The trial court's disposition of that issue was not clearly erroneous. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). There was no evidence that the lineups at which Bates identified movant were after the "initiation of 'adversary judicial proceedings,'" within the rule laid down in Arnold v. State, 484 S.W.2d 248, 250 [2–4] (Mo.1972). There was no evidence as to whether or not anyone who viewed movant in the June lineups identified him at the trial, nor did the evidence show that the lineups related to this charge against movant. (Movant pleaded guilty and was sentenced on three armed robbery charges at the time of his

sentencing on the murder conviction.) Appellant's evidence did not show any abuse of identification procedure which might give rise to a due process claim under Kirby v. Illinois, supra. Furthermore, the motion stated no claim for relief on such grounds.

2. Coerced witness. Movant's second ground of relief was that Willie Nettles who testified against him at the trial had been subjected to police coercion and intimidation. To support the contention, movant produced the testimony on the 27.26 hearing of David Richards and Allen Edward Smith, inmates of the Missouri State Penitentiary, who testified that they were intimated and beaten by police seeking information about the murder with which Quinn was charged, and that they observed similar activity by the police against Nettles. The trial court's finding against movant on this issue on the grounds of disbelief of movant's witnesses is not clearly erroneous. State v. Shields, 441 S.W.2d 719 (Mo.1969); Rule 27.26(j).

3. Inadequate assistance of counsel. Appellant's motion specified as grounds for inadequate assistance of counsel the failure of trial counsel to call Smith as a witness at the trial to testify to police abuse of Nettles. The motion alleged that counsel was advised that Smith would so testify but counsel failed to call Smith, then a resident of the city jail and also endorsed as a witness by the state. Trial counsel testified on the 27.26 hearing that he did not recall whether Quinn told him about Smith but that if he had, he likely would not have called him as a witness because his experience showed that attempting to try the police "makes your job as defending the case even worse * * *."

At the hearing on the 27.26 motion, movant expanded the ineffective assistance of counsel charge to include an allegation that counsel had not adequately considered the credibility of Bates' identification testimony in the light of weather and lighting conditions which according to movant would have cast doubt upon Bates' ability to have identified him at the distance involved. Counsel stated that he did not recall whether movant had told him about any visibility problem, but that he had visited the scene and that Nettles' testimony placing movant at the locale of the killing had tied movant with the occurrence. Appellant also testified that he told counsel that "they said that I was supposed to have on a gold suit and gold hat." Appellant testified that in fact he was dressed in green but trial counsel made no use of the alleged discrepancy. Appellant did not identify the "they" who said he was dressed in gold. As the opinion on the direct appeal shows, the witness Bates identified the three men whom he had seen as having been dressed in green. Finally movant complains of trial counsel's failure to cross-examine Nettles about prior difficulties between the witness and movant. Transcript of the trial shows that counsel did examine Nettles in this regard and movant also testified on the subject.

On the evidence, the trial court's conclusion that movant was not deprived of effective assistance of counsel is not clearly erroneous. Movant produced no evidence which would have called for a finding that counsel's conduct of the defense deprived movant of a fair trial. Sims v. State, 496 S.W.2d 815 (Mo.1973).

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.