James Irving DUNCAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 35900.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 25, 1975.

Motion for Rehearing or to Transfer to Supreme Court Denied May 19, 1975.

Application to Transfer Denied July 14, 1975.

Kenney, Leritz & Reinert, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Clarence Thomas, Asst. Attys. Gen., Jefferson City, for respondent.

NORWIN D. HOUSER, Special Judge.

Appeal from order denying an amended motion under Rule 27.26, V.A.M.R., to vacate a judgment convicting James Irving Duncan on pleas of guilty of forcible rape, assault with intent to ravish with malice, and robbery of a person, for which he was sentenced to 15 years, 10 years and 10 years, respectively, all to run concurrently. This is appellant's second motion filed under Rule 27.26. Appellant's first motion filed under Rule 27.26 was denied and that ruling affirmed on appeal. Duncan v. State, 471 S.W.2d 181 (Mo.1971).

In this second motion under Rule 27.26, as finally submitted after several amendments, appellant alleged: (1) inadequate representation by Attorneys Perryman and Hubel at the original proceeding, in that appellant was not adequately advised of his rights prior to his original plea of guilty; told that he would receive 2 years' probation if he pleaded guilty; coerced into pleading guilty and receiving a sentence of 15 years; that someone else, Russell Pruit, was positively identified by the victim, but his attorneys failed to pursue this; (2) inadequate representation by Attorney Miguel C. Siyand at the hearing of his first 27.26 motion in that the attorney failed to consult with movant more than about 5 minutes prior to the hearing; failed to adequately develop in the first 27.26 hearing the inadequate nature of the representation afforded movant prior to his pleas of guilty, failed in his first 27.26 motion to raise and state all of movant's grounds for relief and failed to furnish such proof of them as was available; and inadequate representation on the subsequent appeal; (3) imposition of a 15-year sentence for forcible rape, which was "extremely harsh and unfair and much larger than the sentence that is normally given in cases of this nature."

Following the hearing of the second 27.26 motion, at which appellant appeared in person and by counsel, the motion was denied. The court held that appellant was not entitled to an evidentiary hearing on (1) and (2) above; that (3) above should have been advanced in appellant's first motion for relief and appellant was not entitled to an evidentiary hearing on (3), but that out of an "over-abundance" of caution and considering the extensive efforts of counsel in this regard the court would consider (3) on its merits. From a consideration of the pleadings, records, decisions, evidence, records of the department of corrections, statistics, tabulations, conclusions drawn therefrom, a publication entitled "Criminal Sentences, Law Without Order," by Marvin E. Frankel, and the sentences in the light of the ranges of punishment provided by statute therefor and the fact that the sentences were ordered to run concurrently rather than consecutively, the court found "that the sentences were fair and reasonable, that

they were not extremely harsh and unfair, and that movant was discriminated against neither as an individual nor as a member of a class." This appeal followed.

Respondent filed a motion to dismiss this appeal on the ground that the issues here raised are not issues within the scope of a 27.26 appeal and are not cognizable under a 27.26 proceeding. This motion was ordered taken with the case.

The motion to dismiss the appeal must be sustained with respect to the points raised touching alleged inadequacy of representation of appellant by counsel and excessiveness of punishment.

■ The first allegation of the current motion (questioning the adequacy of the representation of appellant at the original hearing by attorneys Perryman and Hubel) constituted the main contention of appellant on the appeal of the denial of his first 27.26 motion. The same complaints were raised; the same reasons given; they were fully explored and finally decided by the Supreme Court in Duncan v. State, supra. "[T]he subject has been exhausted and is now res adjudicata. Roe v. State, 496 S.W.2d 278 (Mo.App.1973); Huffman v. State, 487 S.W.2d 549 (Mo.1972)." Williams v. State, 507 S.W.2d 664, 666[1] (Mo.App. 1974).

■ Nor is that part of the second allegation of the current motion (questioning the adequacy of the representation of appellant *on the appeal* of the order overruling his first 27.26 motion) cognizable in this second proceeding under Rule 27.26. "Rule 27.26 is intended to provide a procedure by which a prisoner may attack his sentence; it is not intended for use as a procedure to attack the result of a prior post conviction proceeding. Therefore, movant's charge that he was denied effective assistance of counsel in connection with his appeal in the first 27.26 case is not cognizable under this rule." McCormick v. State, 502 S.W.2d 324, 326 (Mo.1973). That ruling and quotation

applies with equal force to the instant charges of ineffective representation of counsel *at the hearing* of the first 27.26 motion. In this connection see Crosswhite v. State, 438 S.W.2d 11, 12[2] (Mo.1969). As suggested in Williams v. State, supra, 507 S.W.2d l.c. 666[6], as a practical matter there must be an end to litigation at some point, and if "a prisoner [were] permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule. The rule in Missouri avoids that result by declaring that proceedings under Rule 27.26 must be directed to defects which led to the original sentencing. Huffman v. State, 487 S.W.2d 549 (Mo.1972); McCormick v. State, 502 S.W.2d 324 (Mo. 1973). * * * "

■ With respect to the third allegation of the current motion (that the 15-year sentence for forcible rape was harsh and unfair and greater than is normally imposed in such cases): To the extent that this charges that the 15-year sentence was excessive and more severe than that meted out to others convicted of the same offense the motion to dismiss is sustained under authorities which hold that such matters do not constitute grounds for relief and are not matters to be considered on a Rule 27.26 motion, because the sentence was within the statutory limits authorized for punishment for the crime in question. Perryman v. State, 506 S.W.2d 480, 482[4] (Mo.App. 1974); Newman v. State, 481 S.W.2d 3, 7[3] (Mo.1972); State v. Waller, 382 S.W.2d 668, 671[2] (Mo.1964).

During the course of the hearing appellant sought to broaden the issue beyond that of mere excessiveness of sentence, to encompass the constitutional question

whether appellant had been denied equal protection of the laws, on the ground that the 15-year sentence discriminated against appellant because of his race and indigency. Appellant's counsel took the position that in the City of St. Louis in forcible rape cases Negroes with appointed counsel receive more severe sentences than any other group or class of defendants in such cases. Appellant's right to raise this issue was challenged on the basis of paragraph (d) of Rule 27.26, which prohibits entertainment of a second motion for relief where the new ground presented could have been raised in the prior motion, and places upon the prisoner the burden of establishing that the new ground could not have been raised by him in the prior motion. Appellant took the stand and attempted to meet that burden. He testified that after the appeal of the first 27.26 proceeding was ruled against him he received information about another rape case in which a defendant took $200 from the victim (appellant took only $1) and in which that defendant received a sentence of only three years' imprisonment. The trial court initially ruled that this testimony met the burden and granted appellant a hearing on the equal protection question. Appellant's counsel offered in evidence a "batch" of documents from the warden of the state penitentiary, consisting of 124 diagnostic data sheets relating to prisoners confined in the penitentiary on charges of forcible and statutory rape, and documents in ten or twelve other cases of this nature, in which the prisoners and their data sheets had been sent to other institutions. The "other cases" were to be supplied to the trial judge at a later date. Counsel for the State objected to the offer. Appellant asked the trial court to take judicial notice of the records of the twenty-one divisions of the Circuit Court of the City of St. Louis in rape cases disposed of in that circuit, which appellant's counsel promised to find and submit "with sufficient data which we consider pertinent to the point made in our brief." Counsel for the State objected to

this line of proof. The trial court agreed to consider this data, and granted the parties several months' time within which to collect the information, prepare the statistics and prepare and file original, answer and reply briefs. Apparently appellant's counsel thereafter caused data to be assembled and statistics compiled, computerized and presented to the trial judge, together with briefs interpreting and drawing conclusions therefrom favorable to appellant's claim of discrimination. The record does not show that these documents, files, and data from which statistics were compiled, and the charts and statistics themselves, were identified, marked and introduced in evidence. Except for charts exhibited at the oral argument of this appeal and counsel's statements in their briefs none of this data has been made available to this Court. All of this data, however, appears to have been taken into consideration by the trial court in rendering final judgment.

██ Appellant is not entitled to relief on the constitutional issue. While trial errors affecting constitutional rights may be raised in proceedings under Rule 27.26, see paragraph (b)(3), such errors must be timely raised, like any other errors, and cannot be raised for the first time in a second motion under the rule unless the prisoner establishes that the new ground could not have been raised in the prior motion. Rule 27.26(d). Appellant made no satisfactory showing that he could not have included this ground in his first motion. That another defendant in another rape case received a three-year sentence, and that appellant learned of this after his first 27.26 motion had been ruled against him, was not sufficient to carry the burden imposed upon him by (d) supra.

██ In any event, the trial court's finding that there was no discrimination is not clearly erroneous. Although no case so holding has been cited or found we assume without deciding that this case falls within the well-established rule that in the trial of

criminal cases systematic discrimination against Negro defendants on the basis of race is unconstitutional, for instance, in the systematic exclusion of persons of African descent from jury panels. This established rule, if otherwise applicable, and if timely and properly raised, is not applicable for relief of this appellant because he has not made the necessary strong showing, based upon competent evidence, that such systematic discrimination exists in the City of St. Louis. Appellant's documents, data and statistics were not identified, marked and received in evidence in an orderly manner. The objections to their admission in evidence should have been sustained. The data base of the statistics was not authenticated and validated. There is no evidence that the statistics take into account all relevant factors. The cases included in the statistics were taken indiscriminately. Appellant's case has not been compared with cases involving similar, comparable surrounding circumstances. Circumstances alter cases. The circumstances under which forcible rapes are committed, which are to be considered in assessing punishment, vary so widely that a mere compilation of the number of years of imprisonment assessed in a large number of rape cases of all kinds is without compelling significance. Appellant's statistics do not differentiate between forcible and statutory rapes; do not reveal such relevant factors as how the parties were brought together; resistance offered; fear engendered; amount and nature of force and violence employed, including means and instrumentalities used in compelling submission; injuries sustained by victims, ages of participants; physical and mental attributes of participants; previous character of victims, etc. There was no showing of similarity in these respects between appellant's case and those included in the statistics. A conclusion as a matter of law that in the City of St. Louis black indigents represented by appointed counsel fare worse in the assessment of sentences for forcible rape than whites with retained counsel cannot be reached upon the basis of appellant's unidentified, unauthenticated and nonvalidated statistics. The inclination of the tabulations in favor of appellant's contentions and conclusions was not demonstrated to have been anything other than coincidental. The statistics do not leave one with the definite conviction that in the City of St. Louis a 15-year sentence for a forcible rape perpetrated under the aggravated circumstances present in this case would not have been assessed against a white defendant protected by retained counsel.

The appeal is dismissed as to the three points raised by appellant in his motion and the order denying the motion to vacate on the ground that appellant was not unconstitutionally discriminated against is affirmed.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.