STATE of Missouri, Respondent,

v.

James Earl RAY, Appellant.

No. 48583.

Supreme Court of Missouri,

Division No. 1.

Feb. 12, 1962.

Motion to Transfer to Court en Banc
Denied March 12, 1962.

---

James Earl Ray, Appellant, pro se.

Thomas F. Eagleton, Atty. Gen., George D. Chopin, Sp. Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

The information herein charged the defendant with robbery in the first degree by means of a dangerous and deadly weapon. See Sections 560.120 and 560.135 (unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S.). He was also charged with a prior felony conviction. In accordance with the provisions of Section 556.280 the trial court held a hearing outside of the presence of the jury and found that defendant had been priorly convicted of robbery, not armed, in the Superior Court of Cook County, Illinois, and sentenced to confinement in the penitentiary for not less than one nor more than two years and was imprisoned in the penitiary under said sentence until duly discharged. The jury thereafter found defendant guilty of the offense charged. In compliance with the provisions of Section 556.280(1) the trial court fixed defendant's punishment at imprisonment in the penitentiary for a term of 20 years. Defendant has appealed from the ensuing judgment and sentence.

A brief statement of facts will suffice. There was evidence which would support a finding that defendant, together with one James L. Owens, entered a Kroger Store located at 3417 Ohio Street, St. Louis, Missouri, and took $120 in the manner hereinafter described. The robbery occurred at about 8:45 a. m. on October 10, 1959. Upon entering the store defendant approached the office and, with a gun in his hand, demanded money from the "cost manager," Mr. Schaefer. Schaefer avoided giving him any money by stating that he could not open the safe. Defendant then approached the check-out station of Mrs. Hazel Meyer, pointed the gun at her, and demanded that she open the cash register. She opened the register and defendant took the money therefrom. Defendant and Owens left the store and drove away in a black Ford car. Mr. Schaefer obtained the license number on the car and reported it to the police.

One of the customers in the store, Robert Culis, followed the Ford in his car for several blocks until defendant and Owens transferred to another car. Culis obtained the license number on the second car (Plymouth) and it was reported to police headquarters. The information concerning the robbery was broadcast to the police patrol cars and the Plymouth was seen a few minutes later parked near a rooming house located at 2023 Park Avenue. Owens was arrested as he entered the Plymouth. Defendant was arrested on the second floor of the rooming house. According to detective Conners he resisted arrest and Conners had to strike him on the head with the butt of his gun. At that time defendant had $81.36 on his person and a search of his room produced two guns (one of which was identified as the gun used by defendant in the robbery), and a hat and jacket which witnesses identified as being the same or similar to those worn by defendant at the time he was in the store.

There was a great deal of evidence which connected defendant with the offense charged. He was positively identified as the robber by Mr. Schaefer, Mrs. Hazel Meyer, Wayne Chapman, head grocery clerk, and customer Robert Culis. Also, on the day following his arrest, defendant signed a statement in which he admitted participation in the robbery in about the same manner as heretofore detailed.

Defendant testified in his defense of the charge. He denied having committed the robbery in question and repudiated his confession stating that he signed it only after rough treatment and extensive questioning by police.

In his pro se brief defendant first attacks the information upon the ground that it fails to adequately state an offense and also fails to sufficiently connect him with the crime charged. The charging portion of the information is phrased in substantially the same language as the information we approved in the case of State v.

Perry, Mo.Sup., 233 S.W.2d 717. We accordingly rule that it states an offense under the provisions of Section 560.120.

■ The next contention briefed is that the court erred in admitting in evidence State's exhibits 1, 2, 3, 5, 6, and 7 "for the reason that at no time during the trial were said exhibits shown to have been the property of, or in the possession of the appellant, or to ·have been used in the commission of the crime for which the appellant was on trial." There is no factual basis for this contention. All of these exhibits were found in defendant's room when it was searched immediately following his arrest. Exhibit 1 was identified as the gun used by defendant in committing the robbery. Exhibits 2 and 3 were the hat and jacket which were identified as being the same or similar to those worn by defendant while in the store. Exhibit 5 was the clip, and exhibit 6 was the bullets which were removed from defendant's gun (exhibit 1) after it was found in his room. We are of the opinion that under the circumstances here shown it was not error to admit exhibits 5 and 6, thus showing that the gun used by defendant was loaded when found about thirty minutes after the robbery.

■ Exhibit 7 was the other gun found in defendant's room. Defendant says it was erroneously admitted because it did not tend to prove the crime charged but could serve only to prejudice the minds of the jurors against him. Defendant admitted ownership of this gun and there was evidence to indicate that it was used by Owens in the commission of the robbery. Under these circumstances it was properly admitted in evidence. State v. Gerberding, Mo. Sup., 272 S.W.2d 230.

■ Exhibit 4 was the statement signed by defendant admitting participation in the robbery. He contends that the court erred in admitting said statement because it was involuntarily made. When defendant indicated that he desired to object to the statement upon that ground the trial court held a hearing upon that issue outside of the presence of the jury. Defendant did not testify or offer any evidence at that hearing. All of the evidence submitted at that hearing indicated that the statement was voluntarily given. It is therefore apparent that the court properly admitted it in evidence.

Defendant also contends that the court erred in permitting testimony by William Boeger, warden of the city jail, concerning defendant's physical condition. We have carefully examined the motion for new trial and do not find any assignment therein relating to this contention. Since this alleged error is not preserved in the motion for new trial it is not before us for review. State v. Hendrix, Mo.Sup., 310 S.W.2d 852.

■ Another contention briefed by defendant is that the court erred "in forcing the appellant to testify against himself." This contention is based upon certain questions which defendant was required to answer when he voluntarily took the stand during the hearing concerning his prior conviction. However, we will not consider the merits of this contention as it was not mentioned in defendant's motion for new trial and is therefore not preserved for review.

The final point mentioned in the brief is that the court erred in overruling defendant's motion for judgment of acquittal at the conclusion of the evidence. This contention is based upon the alleged failure of the State to prove that Mrs. Meyer was put in fear at the time of the robbery. Defendant relies upon the following testimony of Mrs. Meyer developed upon cross-examination. "Q. Now, this fellow came up to you and he had a gun in his hand you say, now Mrs. Meyer, when somebody comes up and points a gun at you, you get pretty startled, don't you? A. Well, sure. Q. Sure you do. And the fact is you were pretty frightened? A. No, I wasn't, it just happened. He came right there and showed me the gun and said, 'Open the drawer,' so I just opened the drawer."

In her testimony upon direct examination Mrs. Meyer related the facts concerning the occurrence but was not asked whether she was or was not in fear. Since the evidence did not show that the robbery was accomplished by violence it was essential that it be sufficient to warrant a finding that the taking was achieved by putting Mrs. Meyer in fear of some immediate injury to her person. However, "Fear need not be shown expressly." State v. Thompson, Mo.Sup., 299 S.W.2d 468, 474. "A presumption of fear will arise from evidence showing reasonable grounds therefor * * *." 77 C.J.S. Robbery § 45(b), p. 487.

We do not construe Mrs. Meyer's testimony as indicating that she was completely without fear. The fact that she complied with defendant's demand that she open the cash register would indicate that she feared the consequences of her failure to do so. It is contrary to the universal experience of all mankind to say that a person would experience no fear when confronted with a gun in the hands of a robber. It is a familiar axiom that "actions speak louder than words." We do not think Mrs. Meyer would have opened the register and permitted the defendant to take the money therefrom had she not been motivated by fear. See our discussion of this subject in State v. Parker, Mo.Sup., 324 S.W.2d 717.

Mrs. Meyer testified that she was "pretty startled." "Startled" is defined in Webster's New International Dictionary, Second Edition, as "to excite by sudden alarm, surprise, fear or the like * * *." It therefore appears that fear is sometimes, if not always, an element of being startled. It will also be noted that Mrs. Meyer denied being "pretty frightened." The word "pretty" as so used meant "substantially" or "considerably." We therefore consider her testimony as a denial that she was unduly frightened or terrified but not as an affirmative statement that she was completely without fear. We accordingly rule that the court did not err in overruling defendant's motion for judgment of acquittal.

An examination of the record as required by S.C. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.