**STATE of Missouri, Respondent,**

**v.**

**Arnold MAPP, Appellant.**

**No. 55921.**

Supreme Court of Missouri,
Division No. 2.

April 10, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Arthur B. Cohn, Cohn & Long, Waynesville, for appellant.

MORGAN, Presiding Judge.

Defendant was convicted of first degree robbery and sentenced to a term of five years confinement. Sections 560.120 and 560.135, RSMo 1969, V.A.M.S.

About 12:45 A.M. on the morning of October 5, 1969, two soldiers, named Helms and Hayworth, were waiting at a bus stop in St. Robert for a ride back to Fort Leonard Wood. An automobile stopped and the occupants asked if they wanted a ride. Defendant was the driver and one Nelson was a passenger sitting in the front seat. The soldiers accepted the offer and entered the back seat with Hayworth on the left and Helms on the right. While proceeding toward the Fort, defendant drove off the highway on to a dirt road and stopped. Nelson then pointed a revolver at Hayworth and Helms, and said: "Give me all your money." The victims suggested he must be kidding, and Nelson struck Helms with his hand. Helms testified he was scared and handed over his wallet which contained $150. Nelson told Helms to get out of the car, and when he started to comply Nelson jerked Helms' wristwatch off his arm. Hayworth observed the gun and hitting of Helms and started out the driver's door. He and defendant wrestled on the ground, but Hayworth got away and later joined Helms in reporting the incident. Defendant's effort to prove an alibi was obviously rejected by the jury.

First, defendant contends that he was denied a trial before an impartial jury, because of the systematic and intentional exclusion of negroes from jury panels in Pulaski County. The same contention reference the same county was considered exhaustively in State of Missouri v. Strawther, Mo., 476 S.W.2d 576, dated February 22, 1972, and found to be without merit.

Second, defendant submits that there was a fatal variance between the information as filed and the verdict directing instruction submitted to the jury. In so far as relevant here, the original *information* charged that the taking was ". . . by means of a certain dangerous and deadly weapon . . . " and "by force and violence to the person of the said John Helms . . . " The questioned *instruction* did not refer to the fact that a "dangerous and deadly weapon" was used by defendant, but authorized a finding of first degree robbery if the taking of property was "by violence to his person [Helms], or by putting John Helms in fear of an immediate injury to his person."

The statutory definition of first degree robbery, Section 560.120, requires, in part, that the taking be "by violence to his person [the victim], or by putting him [the victim] in fear of some immediate injury to his person . . . " If either fact is shown, the taking is designated as robbery in the first degree. State v. Reed, Mo., 412 S.W.2d 187, 188. In addition, the possible penalty is enhanced if it be shown that the offense was committed by means of a "dangerous and deadly weapon." Section 560.135. The record in this case makes it obvious that the state proved the use of "violence" by the defendant, the "fear" of the victim and the presence of a "dangerous and deadly weapon." Clearly, the crime of robbery in the first degree was proven.

However, it is agreed that the original information did not specifically allege the victim was placed in fear—which, is one method of committing the crime in question; but, that it did allege the other method, i. e., use of violence. Either or both of such methods can be alleged as the basic element which converts the taking from larceny or stealing to first degree robbery, and this court consistently has held that neither element nor method is in the case

unless it be a part of the charge. State v. Ray, Mo., 354 S.W.2d 840, 843; State v. Reeder, Mo., 394 S.W.2d 355, 358; State v. Gideon, Mo., 453 S.W.2d 938; and Mo. Dig., Vol. 25, Robbery, ⊕6 and 7. This same rather rigid approach has been followed consistently not only in robbery cases but others. For instance, in State v. Lusk, Mo., 452 S.W.2d 219 (1970) (a murder case), we quoted with approval from State v. Shepard, Mo., 442 S.W.2d 58, 60, that: "It has long been the rule that when a crime may be committed by any of several methods, the information [or indictment] must charge one or more of the methods, and the method or methods submitted in the verdict directing instruction must be among those alleged in the information . . . " The use of a "dangerous and deadly weapon" does not create a third method of legally committing first degree robbery as such use only enhances the penalty.

However, under the facts of this case and the ultimate answer we must reach, it is significant to note what deductions have been drawn from the alleged use of such a weapon. For instance, "The pointing of a dangerous and deadly pistol at a robbery victim constitutes 'violence to his person.'" State v. Neal, Mo., 416 S.W.2d 120, 123. Again, in State v. Hawkins, Mo., 418 S.W.2d 921, 924, similar conduct was found to have "constituted substantial and submissible evidence of violence under § 560.120." In addition, reference the element of fear: "The rule is said to be that from proof of the use of force and violence fear will be presumed." State v. Tharp, 334 Mo. 46, 64 S.W.2d 249, 254. More precisely in point is State v. Ray, supra, wherein it was said, 354 S.W.2d l. c. 843: "It is contrary to the universal experience of all mankind to say that a person would experience no fear when confronted with a gun in the hands of a robber." In view of the irrefutable logic of such decisions, it could be argued that there is merit in the state's suggestion that when use of either a "dangerous and deadly weapon" or "violence" is alleged in the information, a further allegation reference the victim's fear is somewhat redundant. Nevertheless, in this case, we need not consider such possibilities because of the presence of other facts in the record.

Prior to the time the jury was "impaneled and sworn," a record was made before the trial judge by the prosecuting attorney and defense counsel. It was agreed that the state would not proceed under the provisions of Section 560.135 (pertaining to the dangerous and deadly weapon), which, in effect, deleted that portion of the information pertaining to the use of such a weapon. In addition, the prosecuting attorney announced: "Let the record show that the state is proceeding in this case under violation of Section 560.120"; which, as previously noted, defines first degree robbery as a taking by "violence" or placing the victim in "fear." After such amendments were agreed of record, defense counsel said, "Okay." There was no claim of surprise, request for continuance or claim of possible prejudice asserted on behalf of defendant. Section 545.300 is controlling and provides, in part, that: "An information may be amended either as to *form* or *substance* at any time before the jury is sworn, but no such amendment shall be allowed as would operate to charge an *offense* different from that charged or attempted to be charged in the original information." (Emphasis added.) The amendments as made were in conformity with the statute.

The judgment is affirmed.

All of the Judges concur.