STATE of Missouri, Respondent,

v.

Mike BROGAN, Appellant.

No. 56734.

Supreme Court of Missouri,
Division No. 2.

Jan. 8, 1973.

**624**

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Marvin L. Smith, Lay, Ichord & Smith, Houston, for appellant.

HENLEY, Judge.

Mike Brogan (hereinafter defendant) appeals from a conviction by a jury of robbery in the first degree. Section 560.-120.[1] He was sentenced to confinement for a period of five years. Section 560.-135. This appeal was properly pending in this court on January 1, 1972; therefore we retain jurisdiction as required by the schedule (§ 31) to the 1970 amendment of Article V, Constitution of Missouri, V.A.M.S. We affirm.

The information charged that defendant, armed with a pistol, took a Chevrolet automobile owned by Kathleen Martin from the person and possession of her husband, Herchel Martin, in charge thereof, by putting him in fear of some immediate injury to his person.

On the evening of January 28, 1971, Herchel Martin drove his wife's Chevrolet to Cabool from their home about three miles north of that town on Highway 63. His mission was to assist a friend whose car had broken down. After taking the friend home, he parked in front of Elmer's Tavern, went in, and drank some beer. Returning to his car, he found Ronnie Goodman and defendant leaning against it. Goodman and Martin were acquainted, but had been on bad terms. They made some sort of friendly understanding at this chance meeting. Goodman introduced defendant to Martin and asked Martin to drive them to a liquor store on the other side of town so that he (Goodman) could buy a bottle.[2] Desiring to retain the new friendly understanding, Martin agreed, but

they found the liquor store closed and returned to Cabool. Martin went in Elmer's Tavern and purchased a six-pack of beer and, upon request of Goodman, they drove to Houston, also in Texas county. Each drank a can of beer en route. In Houston, they went to Russ' Bar where they had sandwiches and beer while Goodman and defendant played pool.

At 1:30 a. m., Russ' Bar closed, and they left en route to Cabool with Martin driving. A Houston policeman, Leon Haney, stopped the automobile because the license plates were expired. He testified that the car was not weaving when stopped; that Martin's speech was not slurred, yet he smelled strongly of beer and appeared to him to be unsteady on his feet when he stepped out of the car. Martin testified he has had two back operations, is partially paralyzed, and therefore is normally unsteady; that he often walks with a limp in a bent over position; that he was not intoxicated. However, Officer Haney suggested and Martin agreed that defendant could drive the car to their destination.

With defendant driving, they continued their return trip to Cabool. Martin was in the front seat on the passenger side, Goodman in the back when they were within five miles of Cabool, Martin said that he was tired and needed to go home, that he would take defendant and Goodman to their home, and then go home. Goodman did not agree with this and said they were going to "make a night of it." When Martin insisted, defendant pointed a .44 caliber pistol at him and said that Martin could do whatever he wanted, but that he (defendant) and Goodman were going on. Defendant, continuing to point the pistol at Martin, drove a short distance and stopped in the middle of the highway. Martin testified he was afraid for his life when defendant stopped; that the pistol was still

1. References to statutes are to Revised Statutes of Missouri, 1969 and V.A.M.S.

2. It appears that neither Goodman nor Brogan was able to purchase liquor in Ca-
bool, apparently because both had spent some time in the penitentiary for felony convictions.

pointed at him so he got out on the road and closed the door; that as he got out defendant put the car in gear, and drove off; that defendant took exclusive possession of the car without his permission and against his will, because he was afraid for his life and did not resist. Martin walked home, told his wife what had occurred and they reported the robbery to the police. The Chevrolet was found later that night in front of the home of defendant's sister.

Defendant denied taking the car by force or against Martin's will, denied having a pistol that night or ever owning one, and both he and Goodman insisted that Martin simply asked to be let out at his home and suggested they take the car on to Cabool.

■ Defendant's first point is that the court erred in permitting the prosecutor to state during his argument to the jury that defendant had been convicted of crimes involving violence, and erred in permitting the prosecutor to repeat this statement "so many times in such an inflammatory manner" that the jury became biased and prejudiced against defendant and he was thereby denied a fair and impartial trial. Defendant made no objection to this argument at any time, nor did he move to strike it, or move that the court direct the jury to disregard that part of the argument on the ground that its cumulative effect would deprive him of a fair trial. The point defendant would make may not be raised for the first time in a motion for new trial or on appeal and is not preserved for review. State v. Leonard, 182 S.W.2d 548 (Mo.1944).

■ The record is brief and shows clearly this argument could not have deprived defendant of a fair trial. The prosecutor's references to defendant's prior convictions were explicitly referred to as matters the jury could consider only in determining his credibility and were not to be considered in determining his guilt or innocence. State v. Jones, 221 S.W.2d 137. 138[5, 6] (Mo., 1949).

■ Defendant's second point is that the court erred in failing to give "a proper and adequate instruction on the element of intent * * * essential for a conviction of * * *" armed robbery. More specifically, defendant says that the instruction given failed to require a finding that defendant took the property with intent *permanently* to deprive the owner of its use. The instruction required the jury to find that defendant took the automobile from Martin against his will by putting him in fear of some immediate injury to his person by use of a pistol pointed at Martin with the felonious intent unlawfully to convert it to his own use without any lawful claim thereto. The instruction requires a finding of all the essential elements of armed robbery and was not erroneous in failing to require a finding that the intent was to deprive the owner of the use of the automobile permanently. State v. Smith, 68 S.W.2d 696, 698[5] (Mo., 1934). The taking in the manner and by the means the instruction requires the jury to find is necessarily inconsistent with any honest claim by defendant to a right to possession for any period of time, no matter how short. State v. Rose, 325 S.W.2d 485 (Mo., 1959). The point is without merit.

■ Defendant's third point is that the court erred in giving a larceny instruction, because it " * * * biased the jury toward defendant's guilt in the sense that the jury was only to consider whether Defendant was guilty of larceny or robbery, and not that Defendant was either guilty or innocent of Robbery alone." He cites no authority in support of his point. Defendant's evidence tended to show that he did not have a pistol and did not take the automobile by putting Martin in fear. In these circumstances the court did not err in giving an instruction on larceny. Larceny and robbery are in their nature related offenses. Taking property without putting in fear or without violence may be larceny and is not robbery. State v. Cantrell, 290 Mo. 232, 234 S.W. 800 (1921);

**626**

State v. Parker, 324 S.W.2d 717 (Mo., 1959).

█ Defendant's last point is that the court erred in failing to give an instruction that evidence of his prior conviction was to be considered by the jury only in determining his credibility as a witness and not as evidence of guilt. Defendant did not request an instruction limiting the consideration to be given evidence of his prior conviction and in the absence of such request the court did not err in failing to so instruct. State v. Meller, 382 S.W.2d 671, 674[3] (Mo., 1964).

The judgment is affirmed.

All of the judges concur.