STATE of Missouri, Plaintiff, Respondent,

v.

Berrvyl TIDWELL, Defendant, Appellant.

No. 34865.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 18, 1973.

George J. Miller, Donald L. Schmidt, Legal Aid Society, St. Louis, for defendant, appellant.

John C. Danforth, Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., St. Louis, for plaintiff, respondent.

DOWD, Chief Judge.

The defendant was convicted by a jury of robbery in the first degree by means of a dangerous and deadly weapon. Sections 560.120 and 560.135, RSMo 1969, V.A.M.S. Pursuant to the verdict and upon a finding of a prior conviction of the same offense, the court sentenced the defendant to imprisonment for a term of eight years. Section 556.280, RSMo 1969, V.A.M.S. The defendant appeals.

The evidence showed that on August 24, 1971, at about 10:30 p. m., Mr. Heardy Miller was robbed of his wallet, containing about $240, by two men in a parking lot behind 5956 Delmar Avenue in the City of St. Louis. Mr. Miller saw the two men approaching and heard them say: "This is a holdup." One of them held a gun to Mr. Miller and ordered him to turn around and place his hands on his car.

When the police arrived Mr. Miller described his assailants as Negro males, about 24 years old, and of medium height and build; one of them had "a little fuzz under his chin." A suspect was arrested on September 10, 1971, and Mr. Miller, viewing a five-man lineup at a district po-

lice station, picked out the defendant as the one who had held the gun on him.

Although Mr. Miller testified at trial that the parking lot was brightly lighted, police officers testified it was dimly lighted. Mr. Miller also testified that he had not been afraid, but had given up his wallet because one robber was sticking a gun into his side. Miller made an in-court identification of the defendant as the robber with the gun. The defendant did not take the stand in his own behalf, but his father, sister, and brother-in-law testified that defendant had been fishing with them when the robbery occurred. At the close of the evidence the court submitted the case to the jury on the crime of first degree robbery, but gave no instruction on the lesser included offense of stealing.

■ Defendant's first contention on appeal is that he had not been advised of his right to counsel at the time of the lineup and that suggestive procedures in the lineup led to his mistaken identity. At the time of the lineup, however, he had not been charged by an information or indictment. Until a defendant is so charged, the *per se* exclusionary rule enunciated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), does not apply. Kirby v. Illinois, 406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed.2d 411 (1972). Missouri courts have employed this rule consistently. State v. Walters, 457 S.W.2d 817 (Mo. 1970); Gaitan v. State, 464 S.W.2d 33 (Mo.1971); State v. Chavez, 483 S.W.2d 68 (Mo.1972); State v. Petrechko, 486 S. W.2d 217 (Mo.1972).

Defendant cites Arnold v. State, 484 S. W.2d 248 (Mo.1972). In Arnold, a complaint had been filed and an arrest warrant issued before the lineup, the court held that "adversary judicial proceeding" within the meaning of *Kirby* had begun, so that the right to counsel attached. In the present case, however, no complaint or the arrest warrant had been issued before the lineup, and Arnold v. State, *supra,* is inapplicable.

■ As for the lineup identification being unduly suggestive, defendant's trial counsel[1] failed to file a motion to suppress, to object to the in-court identification, or to raise the objection in a motion for a new trial. Thus nothing has been preserved for review, and defendant's first contention should not even be considered. State v. Daniels, 487 S.W.2d 465 (1972).

Defendant, however, contends that despite the failure to preserve the objection, this court should hold that admission of the lineup identification testimony resulted in a miscarriage of justice and thus was plain error under Rule 27.20(c), V.A.M.R. We shall examine the lineup procedure.

■ Testimony showed the lineup involved five Negro males between the ages of 22 and 27, of medium build, and all dressed in casual street clothes. Apparently only the defendant, however, had a growth of hair on his chin, and defendant contends that this violated the due process test laid down in Stovall v. Denno, 388 U. S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) and Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). The post *Stovall-Simmons* test in Missouri to determine whether a lineup is impermissibly suggestive is given in State v. Parker, 458 S.W.2d 241 (Mo.1970): each case must be considered on its own facts, but consideration should be given to (1) the presence of an independent basis of identification; (2) the absence of any suggestive influence by others; and (3) a positive courtroom identification. Here Mr. Miller viewed the robbers as they approached him; despite the conflicting evidence about the amounts of lighting on the parking lot, it is reasonable to believe there was enough light for the victim to see an assailant who was standing at his side.

---

1. Defendant's attorney on this appeal was not the trial attorney.

This is sufficient as an independent basis for identification. The courtroom identification by the victim was immediate and positive. The only possibly suggestive element in the lineup was the fact that defendant was the only one with chin whiskers. In *Parker,* however, the court stated that the presence of a suggestive element would not violate due process when the evidence was overwhelming on the other two points. Parker, *supra,* at 244. This court does not believe any suggestiveness in the challenged lineup is so substantial as to outweigh the other considerations involved. Therefore, we do not believe a miscarriage of justice has occurred, and accordingly we do not perceive a need to apply the plain error rule.

■ Defendant's next contention is that the trial court erred in failing to instruct on the lesser included offense of stealing. The defendant was charged with robbery by putting the victim in fear and also by the use of violence. However, the court confined its instruction to robbery based on putting the victim in fear and did not instruct on the element of violence. Defendant argues that since the victim testified he had not been put in fear by the robbery, an essential element of robbery is lacking. It is true that taking property without putting the victim in fear or without violence is not robbery. State v. Brogan, 488 S.W.2d 623 (Mo.1973). The fear of immediate injury need not be expressly shown, however, and a presumption of fear will arise from evidence showing some reasonable grounds for it. State v. Ray, 354 S.W.2d 840 (Mo.1962).

■ Although the victim here stated he had not been afraid, he nevertheless admitted he surrendered his wallet because one assailant was holding a gun to him. "It is contrary to the universal experience of all mankind to say that a person would experience no fear when confronted with a gun in the hands of a robber." State v. Ray, *supra,* at 843. The situation in the present case is similar to that in State v. Parker, 324 S.W.2d 717 (Mo.1959), where our Supreme Court held there could be no merit in the contention that the victim was not motivated by fear, when the victim had testified he gave over his money at gun point, but had not been personally afraid at the time. Therefore, we find that the trial court did not err in failing to instruct on the lesser included offense of stealing.

The judgment is affirmed.

WEIER and CLEMENS, JJ., concur.