**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry HAMILTON, Defendant-Appellant.**

**No. 35074.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 27, 1974.

Charles Kitchin, Public Defender, David M. Adams, John W. Warzycki, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant was charged and tried for robbery in the first degree under § 560.120 RSMo 1969, V.A.M.S. A jury found defendant guilty as charged, and the trial court sentenced him under the Second Offender Act[1] to five years imprisonment. Defendant appeals.

On a cold winter's night, St. Louis Police Officer Ronald Roach and two other police officers were engaged in a decoy operation in a high crime area in St. Louis. The method of operation in this scenario called for Officer Roach to be slumped, as if inebriated, over the steering wheel of a panel truck in which his partners in the decoy remained hidden in the back. Gin was liberally sprinkled in the cab of the truck to lend a touch of authenticity. Officer Roach played his role well. During the evening, defendant and some companions walked by the truck and observed Officer Roach slumped over the wheel. Defendant shook Officer Roach but was unable to arouse him and left. A few minutes later, defendant returned with a single companion and entered the cab of the truck. Defendant again shook Officer Roach and lifted his head from the wheel but was unable to wake him from his feigned intoxicated stupor. Officer Roach could hear defendant comment to his companion that Roach was "stone drunk, passed out." Officer Roach testified that defendant relieved him of his ring and watch while the companion heisted the police officer's billfold. Officer Roach did testify that he was "scared" during the operation. When the theft had been completed, all pretenses abruptly ceased, and Officer Roach and his partners leaped into action. Defendant was captured. However, Officer Roach never recovered his ring or watch.

At the trial, the jury was instructed on first degree robbery under § 560.120 and also stealing under § 560.156. The jury found defendant guilty of robbery in the

1. § 556.280 RSMo 1969, V.A.M.S.

first degree but made no finding with regard to stealing from a person. We hold that the first degree robbery conviction cannot stand. The essence of robbery in the first degree is the felonious taking of property of another by violence or by putting the victim in fear. Neither of these essential elements is present in this case. There was no allegation of violence, and there was no evidence that the taking of the property was by reason of putting Officer Roach in fear of some injury. The fact that Officer Roach may have been personally afraid is not the reason that his property was taken from him. There must be something from which it can at least be inferred that defendant intended to cause Officer Roach to be in fear. There was absolutely no evidence from which it could be inferred that defendant had any intent to instill fear in Officer Roach, for, to defendant, Officer Roach was unconscious.

State v. Vandament, 299 S.W.2d 532 (Mo.1957), is a case well in point. There, a woman observed two men taking money from her tavern. They did not see her but she was "petrified" watching them. The victim was ultimately observed after money was taken, and a pistol was pointed at her. The defendant was charged with robbery. The court in referring to § 560.-120 and quoting 77 C.J.S. Robbery § 16, p. 459, stated 1.c. 535:

"In order to constitute robbery by intimidation, it is essential that the property taken be surrendered because of the apprehension of injury, and that the fear be that under compulsion of which the victim parts with his property. *The fear essential to robbery must be caused by accused, intentionally,* and not arise from the mere temperamental timidity of the victim." (emphasis added)

The court also said at p. 534:

"It is well settled that where the state's evidence shows that the accused had obtained physical possession of the property by stealth and that force and violence or putting in fear was used only as a means of escape, or where the evidence fails to show that possession of the property was obtained by force or violence or putting in fear, the crime is not robbery."

As in State v. Vandament, supra, we can find no substantial evidence from which a jury could find that the property of Officer Roach was taken from him by violence or by the intention of defendant to put him in fear of injury to his person. The crime here is not robbery in the first degree.

We therefore reverse the judgment of robbery in the first degree and remand the cause.

SMITH, P. J., and CLEMENS and McMILLIAN, JJ., concur.