Kent MEANS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 28556.

Missouri Court of Appeals,
Kansas City District.

Oct. 12, 1976.

Terry E. Brummer, Asst. Public Defender, Columbia, for movant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from denial of relief in proceeding to set aside judgment of conviction and sentence to 20 years' imprisonment entered on plea of guilty to robbery, first degree.

On February 18, 1975, Kent Means entered a plea of guilty in the Callaway County Circuit Court to a charge of robbery, first degree. He was sentenced to 20 years' imprisonment. On August 19, 1975, he filed a motion to vacate and set aside the judgment pursuant to Rule 27.26. A hearing was had on the motion and the trial court entered findings of fact and conclusions of law adverse to movant and denied relief. This appeal followed.

In this court, the sole contention of appellant is that in finding his plea voluntary and knowing the circuit court erred because he had not been fully advised of the elements of robbery in the first degree. He specifically contends that he was not aware that the state had to prove beyond a reasonable doubt that the victim of the robbery parted with his property because of fear induced by the robber.

■ In arguing this point, appellant completely ignores the trial court's finding that appellant's attorney did explain to appellant that the state was required to prove this element; that the attorney did, following the preliminary hearing at which the victim of the robbery to some degree minimized his feeling of fear, explain to appellant that the state might not be able to prove that element of the offense. Appellant can prevail here only if he demonstrates that such finding is clearly erroneous. Rule 27.26(j). Having failed even to attempt such demonstration, the ruling of the trial court should not be disturbed.

■ Even if appellant's testimony of his ignorance were to be accepted, he would not be entitled to relief on the grounds now urged. At his plea of guilty, the trial court asked appellant to state the facts of the offense. Appellant said:

"I drove up and parked behind the Site's Station. I pulled up behind Site's Service Station, parked behind it, it and the drive-in, and got out and went around the building down on this side of the building, going this way, I believe it's north, and got out and crawled up through the woods. When he went in the back room, I come around the front with the shotgun and pointed it at him and told him to give me the money. He gave me the money and I left."

The following colloquy was part of the proceedings leading to acceptance of the guilty plea:

"THE COURT: Did you in fact on the thirtieth day of October of 1974 by means of a shotgun take this property in question?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Did you take it from the person of one Thomas Wayne Cook by either physically injuring him or threatening him with physical injury in order to take possession of this property?

"THE DEFENDANT: Yes, Your Honor."

At the 27.26 hearing, appellant was asked: "You don't deny you took the shotgun into the station and pointed it at him and told him to give you the money?"

Appellant replied: "No I do not deny that, I did that."

■ Appellant thus clearly admitted facts showing his guilt of the offense of robbery in the first degree. At the preliminary hearing, there was some testimony to the effect that the victim had put his finger in the barrel of the gun and pushed it away and that he stated that he first became frightened after the robber had left. It is clearly the law of this state that such evidence would not have avoided a finding of guilt on a charge of robbery nor would it have justified submission of a lesser charge

of stealing from the person. *State v. Parker,* 324 S.W.2d 717 (Mo.1959); *State v. Tidwell,* 500 S.W.2d 329, 332[8] (Mo.App. 1973); *State v. Blewett,* 507 S.W.2d 56, 57[1] (Mo.App.1974).

The recent decision of the United States Supreme Court in *Henderson v. Morgan,* —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), is of no assistance to appellant. There a conviction for second degree murder was reversed because in his plea, of guilty it was not explained to the defendant that an intention to kill was an element of the offense nor did his admission stating the facts include that element. The court concluded that there had been no admission of the facts requisite for a conviction of the offense. Here appellant did admit the requisite facts and he is entitled to no relief on the grounds now urged.

Judgment affirmed.

All concur.