**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Raymond DAY, Defendant-Appellant.**

**No. 38485.**

Missouri Court of Appeals,
St. Louis District, Division 1.

Dec. 13, 1977.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Raymond Day appeals from a judgment entered on a jury verdict in the circuit court of the City of St. Louis finding him guilty of robbery in the first degree by means of a dangerous and deadly weapon, a felony, §§ 560.120, 560.135, RSMo 1969. The trial court sentenced defendant under the Second Offender Act, § 556.280, RSMo 1969, to a term of (18) eighteen years imprisonment in the State Department of Corrections. For reversal defendant argues that the trial court erred in overruling defendant's motions for acquittal because the state failed to prove the victim was "in fear of some immediate injury," a necessary element of the crime of robbery in the first degree. For the reasons discussed below, we affirm the judgment.

On October 16, 1975, Mr. Curtis Balls was working in his shop, Balls' Velvet Freeze. At about 5:00 p. m., defendant and another man entered the shop and demanded all the money in the cash registers and Balls' wallet and watch. Both men were armed with handguns. After the two men left, Mr. Balls ran outside and flagged down a police car. The police officer broadcasted Mr. Balls' general description of the two men and pursued them in the direction indicated by Mr. Balls. Defendant and the other man were arrested on an adjacent street corner and subsequently identified by Mr. Balls as the robbers.

Defendant's sole point on appeal is that the trial court erred in overruling his motions for acquittal at the end of the state's case and at the end of all the evidence. Defendant relies on Mr. Balls' testimony that he had a total lack of fear during the robbery. Defendant argues that the state failed to prove the victim was "in fear of some immediate injury," a necessary element of the crime charged, and therefore failed to make a submissible case of robbery in the first degree by means of a dangerous and deadly weapon.

Reviewing Mr. Balls' testimony, we do not understand Mr. Balls to have said that he was *without* fear. Mr. Balls testified that he was not particularly afraid during the robbery and had no fear of death, at least not the type of fear that would make him hysterical. Mr. Balls did admit, however, that he was scared. ". . . It is contrary to the universal experience of all mankind to say that a person would experience no fear when confronted with a gun in the hands of a robber. . . ." *State v. Ray*, 354 S.W.2d 840, 843 (Mo.1962).

The distinctive element of robbery in the first degree, is the taking of the property of another by violence or by putting the victim in fear. *State v. Hayes*, 518 S.W.2d 40 (Mo.1975); *State v. Hamilton*, 513 S.W.2d 771 (Mo.App.1974). Fear of immediate injury, however, need not be ex-

pressly shown, *e. g., State v. Underwood*, 470 S.W.2d 485, 486 (Mo.1971), cert. den., 405 U.S. 928, 92 S.Ct. 980, 30 L.Ed.2d 802 (1972). A presumption of fear will arise from evidence showing some reasonable grounds therefor. *State v. Ray*, supra; *State v. Tidwell*, 500 S.W.2d 329 (Mo.App. 1973).

In this case the victim was confronted by an armed robber who demanded the victim's wallet and watch and the money from the cash register. Mr. Balls' compliance with the demands of the robber is indicative of his fear of the consequences which could have resulted if he had not complied. In the *Tidwell* case the court concluded that the victim of a robbery had been in fear of immediate injury when he surrendered his wallet because one assailant was holding a gun to him even though the victim had stated he had not been afraid. *State v. Tidwell*, supra, at 332. In *State v. Parker*, 324 S.W.2d 717 (Mo.1959), our supreme court held there could be no merit in the contention that the victim was not motivated by fear when the victim testified he handed over his money at gunpoint but was not personally afraid at the time. We believe the reasoning of these similar cases is persuasive and conclude that the trial court did not err in overruling defendant's motions for acquittal.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.