STATE of Missouri, Respondent,

v.

Clinton Martin COLLINS, Appellant.

No. 37930.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant was convicted of first degree robbery and sentenced to five years' imprisonment. On appeal he alleges the trial court erred by (1) refusing to suppress out-of-court identification, (2) allowing in-court identification by victims, (3) denying his motion for acquittal when the evidence was insufficient to prove the victim's fear and (4) admitting evidence of a prior misdemeanor conviction. We affirm.

Defendant requests his points relied on be reviewed as plain error under Rule 27.20(c). The rule is invoked on a case-by-case basis where substantial rights are affected and "there must be a sound, substantial manifestation . . . , a strong, clear showing, that injustice or miscarriage of justice will result if the rule is not invoked." *State v. Meiers*, 412 S.W.2d 478[1] (Mo.1967).

By his first point defendant challenges out-of-court identification testimony based on a one-on-one confrontation (a showup) at the police station. Defendant argues the showup itself was so suggestive it caused irreparable misidentification. Further, he argues that the fact the victim-witnesses drove to the police station together and then discussed the incident created a risk of misidentification.

At a pre-trial hearing on defendant's motion to suppress Edith Dobbins, the owner of a food shop, testified she had previously seen the man who robbed her shop many times and knew his name. She stated she had observed defendant several minutes during the robbery from a distance of four feet. Subsequently, she identified defendant as the robber while he was standing in the police station. The mere fact a showup occurred and that the victim identified defendant as the robber does not render the confrontation at the police station unduly suggestive. See *State v. Barnes*, 537 S.W.2d 576[2] (Mo.App.1976). See also *State v. Burnette*, 549 S.W.2d 352[2, 3] (Mo.App.1977), where a motion to suppress identification based on a showup was held to have been properly denied. Nor does the fact the owner and her employee, Edith Millicker, drove to the station together or discussed the incident show prejudicial suggestiveness. See *State v. Williams*, 448 S.W.2d 865[3] (Mo.1970) where the court held that separation of identifying witnesses is not a requirement to identification.

Second, defendant contends there was no independent basis for the in-court

identifications, that they were based on suggestive out-of-court identifications. When an in-court identification is attacked the inquiry extends not only to determining whether identification procedures were unduly suggestive, but also to determining whether there is an independent source of identification. See *State v. White*, 549 S.W.2d 914[2] (Mo.App.1977).

■ Determination that an independent source of identification exists is based on factors enumerated in *State v. Madison*, 537 S.W.2d 563[3] (Mo.App.1976): (1) the opportunity of the witness to view the accused at the time of the alleged crime, (2) the accuracy of the witness' prior description of the accused, (3) the certainty of the witness at the confrontation, (4) the length of time between the crime and the confrontation, and (5) the need for the police to determine at the earliest possible opportunity whether the person suspected is the person sought. See also *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

■ Edith Millicker, an employee at Edith's Food Shop, testified she recognized the person who robbed the shop because she had seen him in the store on previous occasions and also for about five minutes earlier on the day of the robbery. At the time of the robbery she was approximately two feet from him and he stood across the counter from her for five minutes. She described the man in detail. Later that night she identified defendant at the police station. She stated she had no doubt defendant is the person who robbed the shop. Coupled with the trial testimony of Edith Dobbins which corroborated Edith Millicker's testimony, there is a sufficient independent source of identification to support the in-court identification. See *State v. Corlew*, 463 S.W.2d 836[1] (Mo.1971) where the court found that since each witness knew the defendant prior to the offense his in-court identification had an independent basis.

■ Third, defendant contends the evidence failed to prove the victims were placed in fear. He argues that because employee Edith Millicker testified she did not see a gun and that she was afraid because he said "Give me your money," any fear existed as a result of her "tempermental timidity." However, Edith Millicker also testified that she believed defendant had a weapon in the hand he held underneath his coat and that she was frightened. She later stated more specifically that it looked like he had a gun in his hand. Although the witness admitted she had said at the preliminary hearing she was not afraid, these contradictory statements do not render her trial testimony insufficient to sustain a conviction for first degree robbery. See, e. g., *State v. Brown*, 480 S.W.2d 839[1] (Mo.1972) and cases in Mo.Dig., Criminal Law 553. The fact defendant may not have had a gun does not prevent a conviction. Robbery in the first degree may be found where the victim is in fear even though there was no real possibility of injury, such as here where a robber falsely pretended to be pointing a gun supposedly concealed under his clothing. *State v. Keeney*, 425 S.W.2d 85[2] (Mo.1968). Fear need not be stated expressly. A presumption of fear will arise from evidence showing reasonable grounds for it. *State v. Day*, 560 S.W.2d 322[3] (Mo.App.1977); *State v. Tidwell*, 500 S.W.2d 329[7] (Mo.App.1973). The court in *Keeney, supra*, concluded: "That she [the victim] complied with her assailant's demand is indicative of her fear of consequences which reasonably could result from failure to accede to the demand [for money]."

■ Finally, defendant urges us to consider our prior holdings that allow a defendant who testifies to be impeached by evidence of past misdemeanor convictions. We are bound by the rulings of the Missouri Supreme Court to the contrary. See, e. g., *State v. McKissic*, 358 S.W.2d 1[9] (Mo. 1962).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.