

# In the Missouri Court of Appeals Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| CORNELIOUS A. JONES, | ) | No. ED107210 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Elizabeth B. Hogan |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: December 31, 2019 |

### Introduction

Cornelious A. Jones ("Jones") appeals the motion court's denial of his Rule 29.15[1] motion for post-conviction relief. The trial court convicted Jones of robbery in the first degree under Section 569.020[2] following a bench trial and sentenced him to eighteen years in prison. In his first point on appeal, Jones asserts that his trial counsel was ineffective for pursuing as his sole defense a legal theory foreclosed by judicial precedent and that Jones was prejudiced as a result. Specifically, Jones contends that trial counsel incorrectly argued that evidence of Jones having his hand in his pocket during the robbery was legally insufficient to convict Jones of robbery in the first degree, contrary to controlling Missouri precedent upholding convictions based on comparable evidence. Jones further argues that he would have reached a more favorable plea agreement but for trial counsel's erroneous legal conclusion. In his second point

---

[1] All Rule references are to Mo. R. Crim. P. (2015).
[2] All Section references are to RSMo (2000), unless otherwise indicated.

on appeal, Jones similarly alleges that his trial counsel was ineffective by not attempting to negotiate a plea given the facts of this case. Jones asserts that he was prejudiced as a result in that there is a reasonable probability he would have reached a plea agreement leading to a more favorable sentence than the eighteen-year sentence he received following trial. Because trial counsel employed a reasonable defense strategy which was not foreclosed by judicial precedent, the motion court did not commit clear error. Accordingly, we affirm the judgment of the motion court.

<div align="center">Factual and Procedural History</div>

In March 2013, Jones entered a Subway restaurant and ordered a sandwich. The only employee ("Employee") in the restaurant took Jones's order. Once he reached the register, Employee went to the back of the restaurant and the owner-manager ("Owner") came from the back to complete the transaction. At this point, Jones announced that he was robbing the restaurant. Jones stated that he did not want to hurt anyone. Jones had his right hand in his pocket, where he kept it for the duration of the robbery. Jones did not display a gun or say that he had a gun. Owner gave Jones the money in the register. Before leaving the restaurant, Jones also demanded the sandwich he had ordered—which Owner gave him. Jones then left. Owner saw Jones drive away in a green truck. Shortly thereafter, police apprehended Jones in a truck matching Owner's description. The police found the sandwich and an amount of money similar to the amount stolen in the truck. The police recovered no gun or other weapon. Employee and Owner identified Jones as the robber.

The State charged Jones with robbery in the first degree. Jones told trial counsel that he wanted to reach a plea agreement with the State rather than go to trial. Jones said he would plead guilty to robbery in the second degree and accept ten years in prison. Trial counsel told Jones that the State unlikely would agree to such a plea deal given Jones's recent prior record of

incarceration. The State never offered Jones a plea agreement. Trial counsel did not initiate plea negotiations with the State.

After reviewing a video recording of the robbery, trial counsel advised Jones to take the case to trial as opposed to pleading guilty to robbery in the first degree. Trial counsel thought there was sufficient evidence to reasonably argue that Jones did not display or threaten the use of what appeared to be a deadly weapon or dangerous instrument, which the State had to prove as an element of robbery in the first degree. Trial counsel explained that the video recording did not show Jones "saying or motioning that [Jones had] a weapon" or "positioning [his] hand in [his] pocket to make it appear as if [Jones] did have a weapon[.]"

The case proceeded to a bench trial. During its opening statement, the State said that Owner would testify that Jones was making a pointing gesture with his pocketed hand during the robbery. Trial counsel directly addressed this factual claim in his opening statement:

> If [Owner] testifies today that Mr. Jones made a pointing motion in his pocket, that would be new testimony that has not been said prior to this date. [Detective] Betz took down the report and there is no mention in the police report from any witness that there was a pointing motion. In fact, all the witnesses say they thought there was a gun, or that there might have been a gun; ergo we believe the evidence will show that they assumed there was a gun, which is not enough under Missouri law. The State will have to prove beyond a reasonable doubt that there are some factual circumstances that lead to the reasonableness of believing that threat or displaying of a deadly weapon, and I don't believe they will be able to do that today.

The State called Employee as its first witness. Over repeated objections by trial counsel, Employee testified that Jones was moving his hand around in his pocket, that it "[m]ay have seemed like it was a gun," and that she believed Jones had a gun.

The State called Owner as its second witness. Owner testified that Jones was pointing with his hand in his pocket during the robbery. Owner also testified that he believed Jones had a gun in his pocket.

3

Additionally, the State called Detective Michael Betz ("Detective Betz") as its third witness. Detective Betz had interviewed both Owner and Employee multiple times following the incident. On cross-examination, trial counsel elicited testimony from Detective Betz that neither Employee nor Owner ever indicated to him that Jones moved or made a pointing motion in his pocket during the robbery.

In his closing argument, trial counsel argued that the evidence was legally insufficient to convict Jones of robbery in the first degree. Trial counsel argued that the evidence showed Jones engaged in no conduct from which Employee or Owner reasonably could believe that Jones was using or displaying a deadly weapon. Trial counsel specifically challenged the credibility of the witnesses' testimony that Jones had moved or made a pointing motion with his pocketed hand. Trial counsel argued that such testimony was directly contradicted by both Detective Betz and the video recording of the incident.

Following trial, the trial court convicted Jones of robbery in the first degree. The trial court expressly found Employee and Owner to be credible witnesses. The trial court sentenced Jones to eighteen years in prison.

Jones directly appealed his conviction, which this Court denied. State v. Jones, 460 S.W.3d 483 (Mo. App. E.D. 2015) (mem.).

Following denial of his direct appeal, Jones moved for post-conviction relief. Jones's amended Rule 29.15 motion contained four claims of ineffective assistance of counsel. One claim alleged that trial counsel was ineffective for pursuing a defense theory that had been foreclosed by judicial precedent and that Jones was prejudiced because reasonably competent counsel would have presented a different defense leading to Jones either being acquitted, being found guilty of a lesser-included offense, or receiving a shorter sentence. A second claim

4

alleged that trial counsel was ineffective for failing to negotiate a plea agreement with the State and that Jones was prejudiced in that there was a reasonable probability that he would have reached a plea agreement that the plea court would have accepted and that Jones would have received a shorter sentence.

The motion court conducted an evidentiary hearing. Both trial counsel and Jones testified. Following the hearing, the motion court denied the amended motion in part, granting only the relief of striking the finding that Jones was a persistent offender. The motion court found that trial counsel's legal theory was not foreclosed by precedent and noted that Jones had not identified any other viable defense reasonably available to trial counsel. The motion court also found that trial counsel had no duty to negotiate a plea agreement and that the prejudice alleged from trial counsel not negotiating a plea agreement was entirely speculative. Jones now appeals.

## Points on Appeal

In his first point on appeal, Jones alleges the motion court clearly erred in denying his Rule 29.15 motion because trial counsel unreasonably pursued a legal theory foreclosed by judicial precedent, and Jones was prejudiced as a result in that there is a reasonable probability Jones otherwise would have reached a plea agreement and received a shorter sentence. In his second point on appeal, Jones similarly contends the motion court clearly erred because trial counsel should have attempted to negotiate a plea agreement given the evidence and law applicable to this case. Jones maintains that trial counsel's failure to do so prejudiced Jones in that there is a reasonable probability he otherwise would have reached a plea agreement and received a shorter sentence had he not been misadvised.

## Standard of Review

We may overturn a motion court's disposition on a Rule 29.15 motion only if its findings of fact or conclusions of law are clearly erroneous. Rule 29.15(k); Shockley v. State, 579 S.W.3d 881, 892 (Mo. banc 2019). "The motion court's findings and conclusions are presumptively correct and will be overturned only when this court, after reviewing the entire record, is left with a 'definite and firm impression that a mistake has been made.'" Voegtlin v. State, 464 S.W.3d 544, 552 (Mo. App. E.D. 2015) (quoting Vaca v. State, 314 S.W.3d 331, 334 (Mo. banc 2010)).

## Discussion

In order to succeed on his ineffective-assistance-of-counsel claims, Jones must show by a preponderance of the evidence both that trial counsel's performance was deficient and that Jones was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984); Johnson v. State, 406 S.W.3d 892, 898–99 (Mo. banc 2013). To satisfy the performance prong, Jones "must overcome the strong presumption that counsel's conduct was reasonable and effective . . . [by] identify[ing] specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." Johnson, 406 S.W.3d at 899 (internal citations and quotations omitted). We must review the reasonableness of trial counsel's choices "on the facts of the particular case, viewed as of the time of [trial counsel's] conduct." Strickland, 466 U.S. at 690. "Reasonable trial strategy is not a ground for ineffective assistance of counsel." State v. Shurn, 866 S.W.2d 447, 468 (Mo. banc 1993) (internal citation omitted). If trial strategy was reasonable, we do not consider how ill-fated it appears in hindsight. Johnson, 406 S.W.3d at 900.

In Point Two, Jones contends that trial counsel was ineffective for not attempting to negotiate a plea agreement with the State "given the evidence and the law." Jones argues that

6

had he not been "misadvised," he would not have proceeded to trial. Point Two incorporates Jones's argument from Point One that trial counsel's strategy was foreclosed by judicial precedent, and therefore Jones was prejudiced by proceeding to trial on a case that he contends had "virtually no chance of success" rather than negotiating a plea agreement.[3] The inescapable weakness of Jones's argument is its failure to acknowledge the factual underpinnings of trial counsel's strategy and the potential for success given these facts. Because Jones mistakenly reasons that trial counsel's strategy was foreclosed by judicial authority governing robbery in the first degree, we find the performance prong of the Strickland standard to be dispositive on both points. See Strickland, 466 U.S. at 687; Johnson, 406 S.W.3d at 898–99.

To convict a defendant of first-degree robbery under Section 569.020.1(4), the State must prove that the defendant "[d]isplay[ed] or threaten[ed] the use of what appear[ed] to be a deadly weapon or dangerous instrument." The State need not show that the victims actually saw such a weapon or instrument, but only that the victims "reasonably, on the basis of appearances," thought there was such a weapon or instrument. State v. McCracken, 829 S.W.2d 634, 635–36 (Mo. App. W.D. 1992) (internal citations omitted). Similarly, the State need not introduce evidence that a weapon or instrument was even present during the robbery. State v. Archer, 814 S.W.2d 315, 317 (Mo. App. S.D. 1991) (internal citation omitted). "Missouri courts have repeatedly held evidence sufficient to support a first-degree robbery conviction if the defendant either made motions indicating he had a concealed weapon during the course of the robbery, he manifested physical indications suggesting the presence of a weapon while making threatening

---

[3] While Jones does not expressly incorporate his argument from Point One, he identifies no other "misadvice" from trial counsel nor otherwise explains why the failure to negotiate a plea agreement was unreasonable "given the evidence and the law." Furthermore, Jones's argument clearly develops this theme as the rationale for why it was unreasonable for trial counsel not to negotiate a plea agreement with the State. Jones also disavows that he is asserting a generalized duty to negotiate a plea agreement.

7

statements, or both." State v. Bolthouse, 362 S.W.3d 457, 460 (Mo. App. S.D. 2012) (internal citations omitted).

Jones suggests that his actions so clearly constituted the displaying or threatening of a deadly weapon or dangerous instrument, that trial counsel's trial strategy was unequivocally foreclosed by existing judicial authority. To support his claim, Jones proffers for our review Missouri cases addressing the requirements of 569.020.1(4). However, before we compare the facts before us to those of the cases offered by Jones, we first clarify what facts are relevant to our analysis. In examining trial counsel's recommendation to proceed to trial rather than to negotiate a plea agreement, we must view trial counsel's conduct in light of his knowledge of the facts at the time he advised Jones to go to trial. Strickland, 466 U.S. at 690. Trial counsel's recommendation to proceed to trial rather than negotiate a plea agreement necessarily occurred before trial; thus the evidence known to counsel before trial, rather than the evidence presented to the trier of fact during trial guides our analysis. See id. As a result, we do not analyze counsel's advice to proceed with trial upon Employee's trial testimony that Jones was moving his hand around in his pocket, or upon Owner's trial testimony that Jones made a pointing motion in his pocket. However, we do consider the video recording of the robbery which trial counsel testified supported his position that Jones made no motions to suggest his possession of a weapon along with the fact that neither Employee nor Owner made any documented statements prior to trial that Jones positioned or moved his hand in any way to suggest that he had a weapon or otherwise threatened the use of a weapon. The record shows that these facts were known to counsel prior to trial.[4] With these pertinent facts in mind, we have examined each judicial

---

[4] Jones's motion for post-conviction relief does not contain allegations that trial counsel had knowledge prior to trial that Owner or Employee would testify that Jones made such motions or gestures, that counsel failed to investigate the facts relating to the robbery, or that trial counsel unreasonably concluded the videotape supported an argument that Jones did not display or threaten the use of a deadly weapon while robbing the Subway restaurant.

8

authority cited by Jones, and find that none of the cases relied upon by Jones reasonably foreclosed trial counsel's strategy to submit the State to its burden of proving each required element of robbery in the first degree.

Jones first maintains that State v. Collins, 567 S.W.2d 144 (Mo. App. S.L.D. 1978), bears "a striking resemblance to the facts in this case." However, in Collins a victim testified "that it looked like [the robber] had a gun in his hand," and the Collins Court specifically found that the robber was "falsely pretend[ing] to be pointing a gun supposedly concealed under his clothing." Id. at 146 (internal citation omitted). Importantly, while both Employee and Owner would testify similarly at trial in this case, the record lacks any evidence that Employee or Owner would so testify when trial counsel advised Jones to proceed to trial. See Strickland, 466 U.S. at 690. Furthermore, we note that before advising Jones of his trial strategy, trial counsel had viewed a video recording of the robbery which he believed supported his legal theory of defense. Trial counsel's reasoning and strategy were buttressed at trial by the testimony of Detective Betz.[5] Therefore, at the time trial counsel made the decision to recommend going to trial, the facts known to trial counsel were not at all similar to those of Collins.

The facts of the other cases cited by Jones are even less similar to those presented in the record before us. In State v. Archer, the robber revealed an object in his pocket to the victim, the handle of which the victim saw and believed to be a gun or knife. 814 S.W.2d 315, 317 (Mo. App. S.D. 1991). In State v. Saucy, the robber was holding an object concealed under a white cloth. 164 S.W.3d 523, 526 (Mo. App. S.D. 2005). In State v. Simrin, the robber stuck a

---

[5] While not necessary to our result, we note that trial counsel argued the testimony of Employee and Owner was not credible for the foregoing reasons, rather than arguing that the testimony was legally insufficient to convict Jones of first-degree-robbery. We similarly note that trial counsel's statement that the State would "have to prove beyond a reasonable doubt that there are some factual circumstances that lead to the reasonableness of believing that [there was a] threat or displaying of a deadly weapon," is an accurate statement of the law. McCracken, 829 S.W.2d at 635–36 (internal citations omitted). Taken together, these facts suggest trial counsel was familiar with, understood, and properly argued the relevant law.

9

cellphone through a driver's window, which the driver did not recognize as only a cellphone, and the robber then demanded the driver to give him money. 384 S.W.3d 713, 716 (Mo. App. S.D. 2012). And in State v. Sistrunk, the robber placed a "very hard object" at the back of the victim's head while another robber was pointing what appeared to be a real gun at the victim. 414 S.W.3d 592, 595 (Mo. App. E.D. 2013). We reject Jones's premise that these cases reasonably should have led trial counsel to abandon any thought of success in taking Jones's case to trial and instead focus solely on negotiating a guilty plea. Unlike the facts presented in this record, in each of the cases cited by Jones, the robber did in fact have an object and took actions with those objects that created an appearance leading the victims to reasonably conclude the object might be a deadly weapon or dangerous instrument. See McCracken, 829 S.W.2d at 635–36 (internal citations omitted). Here, trial counsel reasonably could challenge whether the evidence supported a finding that Jones engaged in any conduct from which Employee or Owner reasonably could conclude that Jones displayed or threatened the use of a deadly weapon or dangerous instrument during the robbery.

Given the facts before us, Jones has failed to identify judicial authority foreclosing trial counsel's strategy, and we are aware of none. Jones's argument that trial counsel's strategy was unreasonable and ineffective is unavailing. Accordingly, Jones cannot satisfy the performance prong of his ineffective assistance of counsel claim, causing this Court to reject Jones's argument that the motion court committed clear error. See Strickland 466 U.S. at 690; Voegtlin, 464 S.W.3d at 551–52 (internal citation omitted). Point Two is denied. As Point One is identically premised on the assertion that trial counsel's strategy was foreclosed by judicial authority, Point One is also denied.[6]

---

[6] We note that the State contends Point One is waived, arguing that Jones is alleging a different form of prejudice on appeal than he did at the motion court. See Rule 29.15(d) ("[T]he movant waives any claim for relief known to the

10

<center>Conclusion</center>

The judgment of the motion court is affirmed.

<div style="text-align: right; margin-left: 40%;">

_Kurt S Odenwald_

KURT S. ODENWALD, Judge
</div>

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

---

movant that is not listed in the motion."). However, we need not make a finding on waiver because we reach and deny the substantive merits of Point One in our analysis of Point Two.

<center>11</center>